AUSTIN et al. v. RUPE et al.

(Court of Civil Appeals of Texas. Dallas. Nov. 11, 1911. Rehearing Denied Dec. 9, 1911.)

1. PRINCIPAL AND AGENT (§ 157*)—AGENCY FOR ADVERSE PARTIES.

A statement by a joint agent for the contracting parties is not binding on one of the parties if not authorized by him.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 588; Dec. Dig. § 157.*]

2. HOMESTEAD (§ 131*)—CONVEYANCE—VALIDITY—FRAUD.

A wife signing and acknowledging a deed executed by herself and husband conveying the homestead may not attack the deed on the ground of fraud of an agent who made the sale unless she shows fraud of her husband or the purchaser.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 235–243; Dec. Dig. § 131.*]

3. HOMESTEAD (§ 133*)—CONVEYANCE—AVOIDANCE.

Where notes executed by a party in a contract for the exchange of land owned by him for the homestead of the other party were given as indemnity against liens on the property conveyed by him, the wife of the other party, suing to set aside the deed of the homestead, could not rely on her understanding that the notes were a part of the consideration for the homestead land; it being immaterial whether she knew that the notes were executed as indemnity.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 235–243; Dec. Dig. § 133.*]

4. HOMESTEAD (§ 133*) — CONVEYANCE — ACTS OF HUSBAND.

Where, in an action by a widow and children to cancel a deed of a homestead executed by herself and husband in consideration of land conveyed by the grantee who executed notes, the issue was whether the notes were executed as a part of the consideration of the homestead land, or were given as an indemnity against liens on the property conveyed by the grantee, and the husband had released the notes, the widow was bound by the release, unless executed through fraud committed by the husband affecting her rights.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 235–243; Dec. Dig. § 133.*]

5. EVIDENCE (§ 179*)—SECONDARY EVIDENCE—ADMISSIBILITY.

Where a party, when testifying, admitted the receipt of a letter from the adverse party, and stated that she did not have it with her, and the letter was in conflict with her testimony, a copy of the letter was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 595–599; Dec. Dig. § 179.*]

6. WITNESSES (§ 178*)—COMPETENCY—TRANSACTIONS WITH DECEASED PERSONS.

Where the matter brought out on the examination of the adverse party related to a transaction between the adverse party and a third person without inquiring into any part of a transaction with a deceased person, through whom the party claimed, evidence of such adverse party involving a transaction with decedent was not rendered admissible.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 722–725; Dec. Dig. § 178.*]

Appeal from District Court, Van Zandt County; R. W. Simpson, Judge.

Action by Ruth E. Rupe and others against W. D. Austin and another. From a judgment for plaintiffs against defendant named, he appeals. Reversed and remanded.

T. B. Ridgell and I. J. Austin, for appellant. T. R. Yantis and Allen & Allen, for appellees.

RAINEY, C. J. Ruth E. Rupe and Orlena, Sallie, and Albert Rupe, widow and children of S. C. Rupe, deceased, appellees, brought this suit against W. D. Austin and G. C. Rochell to set aside and cancel a certain deed of conveyance executed by the said S. C. Rupe and Ruth E. Rupe on October 31, 1906, to said W. D. Austin. The consideration expressed in said conveyance was $5,000 cash and three promissory notes for $1,000 each, made by said Austin, due, respectively, January 1, 1909, 1910, and 1911, reserving a vendor's lien to secure payment of same and payable to S. C. Rupe, said conveyance conveying 391 acres of land in Van Zandt county, which was the homestead of the said

S. C. and Ruth E. Rupe. At the same time said Austin conveyed to S. C. Rupe two brick buildings in the town of Rockwall, the consideration recited being $5,000; the land mentioned in both conveyances being incumbered, which incumbrances said Austin was to pay off and discharge. The petition, in effect, alleged as grounds for setting aside and canceling said conveyances that Austin and his agent by false representations deceived Ruth E. Rupe, and she, relying thereon, was induced to sign said conveyance. Austin answered by general and special demurrer, not guilty, specially that the considerations expressed in the deeds were not the true considerations, but that they exchanged properties, he putting in his building at $5,000, and Rupe's property was put in at $6,480; that Austin assumed the incumbrances on both tracts, and that the three notes of $1,000 each were not a part of the consideration of the Van Zandt county land, and not to be paid by him, but were executed by him to indemnify Rupe against the liens on the Rockwall buildings; that Rupe and he had a settlement of all matters connected with said transaction and said notes had been discharged. Rochell answered that he bought the land from Austin, paying value without notice, and was therefore an innocent purchaser. Appellants filed a supplemental petition setting up the three notes and praying for judgment thereon in the event they were not permitted a recovery for the land. A trial was had, and under peremptory instructions a verdict was returned in favor of Rochell, and verdict and judgment were rendered for plaintiffs against Austin for the amount of the notes, principal, interest, and attorney's fees. From this judgment Austin alone appeals.

[1] The court, over appellant's objection, permitted Ruth E. Rupe to testify as follows: "When I saw this $5,000 cash mentioned in the deed, which we were to give for the brick building, I said, 'I won't sign the doggone thing at all, because it won't pay 5 per cent. interest on the $5,000 he has wrote up;' and I said, 'I won't sign it.' I refused to sign the deed on that account, and, when that other deed was made, I said, 'We have got other notes to pay up and then paying way up yonder.' I said, 'I won't give $5,000 for the brick buildings, for it won't pay 5 per cent. interest renting at $20 per month;' and then Mr. Mason spoke up, and said, 'Mrs. Rupe, your indebtedness is taken up in the $5,000, and your deed and notes is all right;' and then I signed them deeds to my home." The objection made to this testimony was that it was hearsay, that Mason had no authority to make such representation on behalf of appellant, and therefore it was not binding on him.

Appellant Austin was not present when Mason made the statement, as claimed, and knew nothing of it having been made, and there is no evidence showing that he au-

thorized Mason to make any such statement. But appellees claim that Mason was the agent of Austin, and his representations were binding on Austin. The evidence shows that Austin had authorized Mason to sell his brick buildings, and had paid him one-half commissions for making this trade, and it further shows that Mason was in this transaction also the agent of S. C. Rupe and Ruth E. Rupe, and therefore a joint agent of the contracting parties. Mason being a joint agent, and not being authorized to make such a statement, his statement was hearsay, and not binding on Austin. Blair v. Baird, 43 Tex. Civ. App. 134, 94 S. W. 121.

[2] Again, said representation was claimed as a basis for the rescission of the contract between the parties. Mrs. Rupe having signed and acknowledged her deed, she could not attack the same, there being no allegation or evidence of fraud on the part of her husband, S. C. Rupe, nor any proof of fraud on the part of Austin. Webb v. Burney, 70 Tex. 322, 7 S. W. 841; Pierce v. Fort, 60 Tex. 464. We are of the opinion that said evidence was not legitimate, and the court erred in admitting it.

[3] Under the evidence the main issue was whether the three notes for $1,000 each executed by Austin and recited in the deed from Rupe to Austin were executed as a part of the consideration for the Van Zandt county land, or given as an indemnity for the payment of the liens against the Rockwall county buildings.

The court in its charge based plaintiffs' right of recovery on the question of knowledge of Mrs. Rupe as to the consideration for the execution of said notes. If the notes were in fact executed as indemnity against the liens on the Rockwall property, it is immaterial as far as Mrs. Rupe knew or did not know they were so executed. Therefore it was error in the court basing a right of recovery on what she understood at the time she executed the deed.

[4] The consideration for the notes being the issue, and there being evidence of a release of said notes by S. C. Rupe, the husband and father, during his lifetime, the court erred in refusing the following charge requested by appellant, viz.: "You are instructed that if you believe from the evidence that S. C. Rupe made, executed, and delivered the release in evidence before you, whereby the three vendor's lien notes in evidence were released, and if you further believe that said release was made for a valuable consideration paid as secured to be paid by W. D. Austin, and if you believe same was knowingly and willingly made by S. C. Rupe and for value, then you are instructed that plaintiffs would not be entitled to recover, and it would be your duty to find for defendant Austin." To avoid such release, if executed, some fraud must have been committed by the husband that affected the rights of the wife.

[5] The court erred in not permitting appel-

lant to introduce in evidence a copy of a letter written by him to her, dated February 17, 1909, stating that he did not owe the notes, and that he held a release of same. Mrs. Rupe, when testifying, admitted receiving the letter, but did not have it with her. She testified that appellant had made no demand for the notes, or made any claim that he had a release for the same. The letter was ·admissible under the circumstances to rebut the testimony of Mrs. Rupe.

[6] Appellant complains that the court erred "in not permitting the defendant, Austin, when on the witness stand to explain how it came that he was not in the possession of the notes sued upon, and why they were not delivered to him at the time the release was executed, because same was proper and was in response to matters brought out by the plaintiffs." The court refused to permit the introduction of said evidence as to the heirs, they suing as heirs of S. C. Rupe, but offered to allow it as to Mrs. Rupe, she suing in her own right. Counsel, not caring to introduce it as to Mrs. Rupe, then withdrew the question. The record shows that the testimony involved an agreement between Austin and S. C. Rupe, deceased, and was therefore illegitimate, while the matter brought out by plaintiffs involved an independent transaction between Cobb and Austin, and no part of the transaction with Rupe was inquired into. We think there was no error in excluding the testimony.

For the errors above indicated, the judgment in favor of Ruth E. Rupe and her children is reversed, and the cause remanded. .