[Civ. No. 1078. Second Appellate District.—March 29, 1912.]

HARRIET O. MATTERN, Respondent, v. G. EDWIN ALDERSON, Respondent, and J. C. ANDERSON, Appellant.

ACTION TO RESCIND CONTRACT TO EXCHANGE LAND—FRAUDULENT REPRESENTATIONS — SUPPORT OF FINDINGS — CONFLICTING EVIDENCE—CONCLUSIVENESS UPON APPEAL.—In an action to rescind a contract to exchange land on the ground of the fraudulent representations of the defendants as to the value of their property exchanged for that of the plaintiff, where the findings and judgment were for the plaintiff and against the defendant appealing, and there is some evidence in favor of the plaintiff, and the evidence is conflicting, the decision of the trial judge thereon is conclusive upon appeal.

ID.—INCOMPETENT EVIDENCE AS TO MARKET VALUE OF PROPERTY INVOLVED IN EXCHANGE.—A question as to what the plaintiff paid for her property was properly excluded as incompetent to prove its market value, and the court properly excluded nonexpert evidence as to the value of plaintiff's property, and also properly excluded advertisements in newspapers and public reports tending to show an exciting condition of the real estate market as affecting the defendant's property offered in exchange, as not being competent evidence as to its value, and also properly disallowed proof by the defendant as to the value of any property not involved in the exchange.

ID.—NEWLY DISCOVERED EVIDENCE—INSUFFICIENT EXCUSE FOR NONPRODUCTION.—If it be conceded that newly discovered evidence offered as a ground for a new trial is material, yet where no sufficient showing appears why such evidence was not produced at the trial, it being additional evidence of a witness who testified at the trial, it cannot be held that the court erred in denying the motion.

ID.—PROPER RELIEF AS TO BILL OF EXCEPTIONS—REVERSIBLE ERROR NOT SHOWN.—It is held that the court properly allowed a bill of

exceptions to be settled for use on the motion for a new trial, after the time limited, upon the showing of a sufficient excuse under section 473 of the Code of Civil Procedure, though upon a careful scrutiny thereof it discloses no reversible error.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order denying a new trial. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

J. Vincent Hannon, and Hannon & McCormick, for Appellant.

Murphy & Poplin, for Plaintiff-Respondent.

JAMES, J.—Action to enforce rescission of a contract for an exchange of real property predicated upon alleged fraudulent representations made by defendants. In February, 1907, plaintiff was the owner of a half section of land in the county of San Bernardino of the alleged value of $8,000. Alderson was a real estate agent and offered to secure for plaintiff in exchange for her property certain lots of land at Vineland in Los Angeles county. The exchange of properties was finally consummated, the plaintiff receiving, in addition to the Vineland lots, thirty-seven shares of the capital stock of a corporation called the Toledo, Columbus and Cincinnati Railway Company. In her complaint she alleged that Alderson and Anderson had conspired together to cheat and defraud her, and that they had represented that the Vineland lots were of the value of $6,125, less an encumbrance of $1,825, then a lien thereon, and that the shares of stock were reasonably worth the sum of $3,700. She alleged, further, that the stock was valueless, and that the real property received by her as a part of the consideration for the exchange was not worth in excess of $1,825, that being the amount of the encumbrance against it. In the complaint it was further set forth that the fact that the representations as to the value of the Vineland lots and the shares of stock were untrue was not discovered until the first day of March, 1908, and that on April 1, 1908, plaintiff served a written notice rescinding the contract of exchange. The trial court found the issues generally in favor

of plaintiff and a decree was entered accordingly. From the judgment and from an order denying a motion made by him for a new trial, defendant Anderson appeals.

As to many of the facts found by the court, appellant contends that there was no sufficient evidence upon which to found such findings, but, without particular reference to each specification, the objections so made may be briefly disposed of. A careful examination of the testimony as set out in the record discloses that there was some evidence before the trial judge tending to prove all of the facts found against appellant, and this being the state of the case, this court has not the privilege of questioning the correctness of those conclusions. Counsel's argument is largely by way of contending that the preponderance of the evidence was in favor of their client. It was the duty of the trial court to determine the questions of fact, and the evidence being conflicting, its decision thereon is conclusive upon this court. A number of exceptions were taken to the rulings of the court made during the course of the trial. In our opinion, the court did not err in sustaining an objection to a question asked the plaintiff as to what she paid for her property, as that question was incompetent as tending to prove the market value of the real estate. Appellant was not hindered in any proper effort made by him to prove the value of either the property of plaintiff, or the property given in exchange therefor, and all of the questions to which objections were sustained relative to advertisements in newspapers and public report tending to show an excited condition of the real estate market at the time of the exchange as affecting the Vineland property had for their purpose the eliciting of evidence not competent to establish market values. Neither was it competent for the defendant to prove, as he offered to prove, the value of property other than that involved in the transaction of exchange. The witness Broadwell, who was not permitted, upon an objection by plaintiff, to give his opinion as to the value of plaintiff's property, did not, as the trial court held, show that he was familiar with the market value thereof. It was, therefore, proper to sustain that objection on the ground that no sufficient foundation had been laid to entitle the witness to give his opinion on the question of value. The alleged newly discovered evidence, which was offered in support of one of the grounds of the

motion for a new trial, was that of a witness who had testified at the trial on behalf of appellant, and who, it was alleged, had discovered some further correspondence had with the husband of plaintiff. Conceding that this testimony would have been material, and that it might have changed the conclusions of the trial court upon the issues, sufficient excuse did not appear to show why this evidence could not have been produced at the trial. In denying the motion for a new trial on this ground the trial court did not err.

Respondent objected to the consideration of the statement prepared for use on the motion for a new trial on the ground that the trial court committed error in settling a bill of exceptions of the appellant as to the proceedings had upon the hearing of that motion, which bill of exceptions was settled after the time fixed by the statute for the settlement of the same. Appellant, however, in our opinion, did present to the trial judge sufficient excuse warranting the relief afforded him under the provisions of section 473, Code of Civil Procedure, in this regard.

The judgment and order are affirmed.

Allen, P. J., and Shaw, J., concurred.