(July 1, 1919.)

## EMMA RINGER and C. O. RINGER, Respondents, v. GEORGE W. WILKIN and LILA J. WILKIN, Appellants.

[183 Pac. 986.]

APPEAL AND ERROR—CHANGE OF VENUE—EVIDENCE—BROKERS—FRAUD OF—LIABILITY OF PRINCIPAL—BROKER ACTING FOR BOTH PARTIES—VERDICT.

1. Under the provisions of C. L., sec. 4807, an appeal from an order refusing to grant a change of the place of trial must be taken within sixty days after the order is made and entered upon the minutes of the court, or filed with the clerk.

2. The price paid for property is not evidence of its market value.

3. Proof of the cost of excavating a cellar and constructing buildings is not competent as proof of the market value of real estate of which they form a part.

4. Where the question is as to the market value of land and buildings as a whole, evidence of a witness who expressly states that he does not know market value, but estimates value as he would in adjusting fire insurance losses, is incompetent.

5. An instruction that the owner of real estate is responsible for the fraudulent representations of a broker with whom the real estate is listed for sale, notwithstanding the owner gave no instructions to the broker to make the fraudulent representations and notwithstanding the owner did not know the fraudulent representations were being made, is erroneous.

6. Where the real estate broker acts for two parties with adverse interests in effecting an exchange of lands, with the knowledge and consent of both, neither principal is liable to the other for the tortious acts of the broker, in the absence of collusion or direct participation of one of the principals in the tortious acts of the agent.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. ,Hon. Wallace N. Scales, Judge.

Action for deceit. From judgment in favor of plaintiff Emma Ringer, defendants Wilkin appeal. *Reversed.*

A. S. Hardy and J. F. Ailshie, for Appellants.

Testimony as to the cost of the building or its value aside from the value of the land, by witnesses not qualified to testify as to the value of the land or property as a whole, is inadmissible. (*Devou v. City of Cincinnati,* 162 Fed. 633, 89 C. C. A. 425; *Garland County v. Hot Springs Co.,* 68 Ark. 83, 56 S. W. 636; *Springfield Fire etc. Co. v. Payne,* 57 Kan. 291, 46 Pac. 315.)

And a witness who disclaims all knowledge of the market value should be rejected. (*Chicago etc. R. Co. v. Douglass,* 33 Tex. Civ. 262, 76 S. W. 449; *Gallagher v. Kemmerer,* 144 Pa. St. 509, 27 Am. St. 673, 22 Atl. 970.) The price paid for land is not evidence of market value. (*Wichita Falls & W. Ry. Co. v. Wyrick* (Tex. Civ.), 147 S. W. 730; *Mattern v. Alderson,* 18 Cal. App. 590, 123 Pac. 972.)

"Neither party is liable to the other for the tortious act of an agent acting for both parties with their consent." (31 Cyc. 1587; *Brown & Co. v. St. John Trust Co.,* 71 Kan. 134, 80 Pac. 37; *Austin v. Rupe* (Tex. Civ.), 141 S. W. 547; *Exchange State Bank v. Taber,* 26 Ida. 723, 145 Pac. 1090.)

S. O. Tannahill, for Respondents.

"Acts of fraud by agent, committed in the course of his employment, are binding on his principal, even though the

principal did not in fact know of or authorize their commission." (*Davenport v. Burke*, 30 Ida. 599, 167 Pac. 481.)

RICE, J.—The respondents, wife and husband, alleged in their complaint that they exchanged certain real estate in the city of Lewiston for certain farm lands in Idaho county, belonging to appellants George W. Wilkin and Lila J. Wilkin, his wife. It was alleged that certain representations were made by the appellants, and A. H. Diddock, a real estate broker, who was joined as defendant, concerning the Idaho county land, by which respondents were induced to and did make the exchange of property, and that such representations were known by appellants, and defendant Diddock, to be false and fraudulent. This action was for damages resulting from the fraudulent representations. The trial resulted in a verdict in favor of respondent Emma Ringer and against the appellants George W. Wilkin and Lila J. Wilkin. The jury found against C. O. Ringer, the husband of Emma Ringer, and in favor of Diddock. Judgment was entered accordingly. From the judgment, George W. Wilkin and Lila J. Wilkin have appealed.

When the appellants Wilkin first made their appearance in the action, they moved for a change of venue to Idaho county, the place of their residence. The motion was denied, and the denial is here assigned as error.

The action of the court in this regard is not subject to review. No appeal was taken from the order of the court within sixty days from the time the order was made and entered on the minutes of the court as required by C. L., sec. 4807.

In the deed of conveyance executed by appellants for the Idaho county land, there was a misdescription in that the property was described as being located in section 1 of a certain township, instead of section 21. It had been admitted by respondents in the pleadings that the misdescription had been made by mistake. Respondents were permitted to prove the condition of the property described in the original deed, and, over objection of appellants, to state the location of the land. This was error, since under the pleadings the alleged

misrepresentations were not directed to this land, and its location or condition was wholly immaterial.

Respondent Mrs. Ringer became the owner of the Lewiston property, about eighteen months before the transaction here in controversy occurred, by means of a trade or exchange of properties with one Dr. Alley. Over objection of appellants, she was permitted to testify as to the valuation placed upon the Lewiston property in the previous trade with Alley. Witness Alley was also permitted, over objection, to testify as to the valuation of this property in his trade with Mrs. Ringer.

The reception of this testimony was error. Not only was the time of the exchange too remote for testimony with respect to the transaction to be relevant, but the evidence was not competent. The price paid for property is incompetent as evidence of its market value. (*Mattern v. Alderson et al.,* 18 Cal. App. 590, 123 Pac. 972; *Wichita Falls etc. Ry. Co. v. Wyrick* (Tex. Civ.), 147 S. W. 730; *Texarkana etc. R. Co. v. Neches Iron Works,* 57 Tex. Civ. 249, 122 S. W. 64; *Galliers v. Chicago, B. & Q. R. Co.,* 116 Iowa, 319, 89 N. W. 1109.)

On direct examination of witness Booth, called on behalf of respondents, he was permitted to state that he had made an estimate of the cost of construction of the dwelling-house upon the Lewiston property. Over objection of appellants, the witness was permitted to answer the following question:

"Q. I will ask you, Mr. Booth, if you know the value of that house on the 20th day of April, 1915? . . . .

"A. The figures that I have made $3,900."

After argument by counsel, the record contains the following:

"The Court: Gentlemen, the court has ruled on this, and there is no use to go into what your figures show. Tell the value of that house, Mr. Booth, on the 20th day of April, 1915.

"A. The cost of that house would be $3,900, and contractor's profit $395, making a total of $4,485."

This witness, in the course of his examination, was also permitted to answer the following question, over objection of appellants, that it was incompetent and immaterial:

"Q. Taking into consideration the changes or improvements that they have made there, I will ask you to state what, in your opinion, was the value of the barn on the 20th of April, 1915?

"A. About $350."

And again the witness was permitted, over objection, to answer the following questions:

"Q. What, in your judgment, would you say that cellar was worth on the 20th day of April, 1915? . . . .

"A. I have the foundation and basement together at $1,500.

"The Court: I do not care what they cost, but what was it worth?

"A. That is the only way I can tell what a thing is worth. Figure up so many yards of excavation, so many perch of rock, etc.

"Mr. Ailshie: I move to strike all that on the ground that it doesn't establish value.

"The Court: Mr. Booth, do you know the value of that house and lot on the 20th day of April, 1915?

"A. You mean the selling value?

"The Court: Yes.

"A. No, sir.

"Q. I will ask you, Mr. Booth, if building material is more expensive now and whether or not it would cost more to build that house now than it would have on the 20th day of April, 1915.

"Mr. Ailshie: Objected to as incompetent and an attempt to show value by comparisons, which is not admissible, and on the further ground that the witness says he doesn't know the market value of the property on the 20th day of April, 1915.

"The Court: Answer the question."

The action of the court in permitting the witness to answer these questions was error. The issue, for the proof of which the testimony was offered, was the market value of the property conveyed to appellants by respondents on the twentieth day of April, 1915. This property consisted of certain lots upon which the buildings and cellar were located. Manifestly

the cost of the buildings and the cost of excavating the cellar do not tend to prove market value. 'In cases where it is impossible to prove market value of property, such evidence might be admissible as tending to prove actual value. Moreover, evidence to be competent and material on this issue must tend to prove the market value of the property as a whole. Proof cannot be directed to the value of the different portions of the property segregated from the remainder. (*Devou v. City of Cincinnati,* 162 Fed. 633, 89 C. C. A. 425; *Sloan v. Baird,* 12 App. Div. 481, 42 N. Y. Supp. 38 (affirmed 162 N. Y. 327, 56 N. E. 752). See, also, Sutherland on Damages, 4th ed., secs. 445–448, on proof of value generally.)

Upon cross-examination, after this witness had stated that he did not know anything about market values, and that the only way he arrived at values was by figuring as he would in adjusting fire insurance losses, appellants moved to strike the evidence of the witness as to the value of the property on the ground that it was not directed to the market value. The motion was denied. This motion should have been granted, and refusal to grant it was error.

Among the instructions to the jury is found the following:

"You are instructed, gentlemen of the jury, that if the defendants George W. Wilkin and Lila J. Wilkin, his wife, employed and authorized the defendant A. H. Diddock, to exchange their property, and in pursuance of that authority A. H. Diddock induced the plaintiffs to exchange the property of plaintiffs for the property of defendants George W. Wilkin and Lila J. Wilkin, and said A. H. Diddock made false and fraudulent representations about the property of the said defendants George W. Wilkin and Lila J. Wilkin, his wife, upon which plaintiffs relied and which induced them to exchange their property for the property of the said defendants, Wilkin and wife, then the defendants, George W. Wilkin and Lila J. Wilkin, would be responsible for that fraud, notwithstanding there were no instructions given to said defendant A. H. Diddock by the defendants George W. Wilkin and Lila J. Wilkin, his wife, which authorized him to make fraudulent representations, and notwithstanding the defendants George

W. Wilkin and Lila J. Wilkin did not know that the said A. H. Diddock practiced those fraudulent representations. Employing him as agent or as their agent to do that thing, they became responsible for the methods which their agent adopted in doing that thing."

This instruction was error. The rule adopted by this court in relation to the liability of an owner of property for fraudulent representations made by a broker, in effecting a sale or exchange thereof, will be found in the recent case of *Dellwo v. Petersen, ante,* p. 172, 180 Pac. 167.

The court refused to give the following instruction requested by appellants:

"I instruct you that where the same party acts as agent for each of two principals with their knowledge and consent that both are bound by his acts and neither can recover from the other for any statements or representations made by him to the other, and that where an agent is acting for each of two principals neither principal is liable to the other for his acts. And I instruct you that if you find from the evidence in this case, by a preponderance of the evidence, that the defendant Diddock was acting as agent for the defendant George W. Wilkin, and was at the same time acting as agent for the plaintiff Emma Ringer in respect to the transactions alleged in the complaint, and that she had knowledge that he was so acting for the defendant Wilkin, then the defendant Wilkin would not be liable for any acts or representations of the defendant Diddock."

Respondents denied that defendant Diddock was their agent, but, in view of the fact that there was evidence produced at the trial tending to prove that he was the agent of respondents and appellants, with their knowledge and consent, and that there was a failure of proof to show fraudulent collusion between Diddock and appellants, this instruction was pertinent and should have been given.

Where an agent is acting for two parties with adverse interests with respect to the same transaction, with knowledge and consent of both, each is charged with notice of that of which the agent becomes cognizant during the progress of the

negotiations. As a general rule, it is true, also, that neither principal is responsible for the tortious acts of an agent so situated, but this rule is applicable only in the absence of collusion or direct participation of one of the principals in the tortious acts of the agent. (*Pine Mountain Iron & Coal Co. v. Bailey,* 94 Fed. 258, 36 C. C. A. 229; *Vercruysse v. Williams,* 112 Fed. 206, 50 C. C. A. 486; *In re Cotton Manufacturers' Sales Co.,* 209 Fed. 629; *Hess v. Conway,* 92 Kan. 787, 142 Pac. 253; *McKenney v. Ellsworth,* 165 Cal. 326, 132 Pac. 75; *Austin v. Rupe* (Tex. Civ.), 141 S. W. 547; *Blair v. Baird,* 43 Tex. Civ. 134, 94 S. W. 116.)

At the close of the trial the appellants Wilkin moved for a directed verdict on the ground that there had been no substantial evidence introduced showing or tending to show that any false or fraudulent representations or misrepresentations had been knowingly made by or on the part of appellants, and that there was no evidence of any nature which would tend to prove that appellants caused respondents to forego the ordinary methods of investigation to learn the condition of the property, or persuade them from making the necessary inspection and examination.

The motion should have been granted as to appellant Lila J. Wilkin on the first ground suggested. The record is entirely silent as to any representations made by her in regard to the transaction. However, we think the court did not err in refusing to grant the motion as to appellant George W. Wilkin.

The last specification in the brief of appellants, to the effect that the evidence is insufficient to support the verdict, raises the same question as is presented by the motion for a directed verdict.

In the case of *Dellwo v. Petersen, supra,* it was held that in order to hold the principal for the fraudulent representations made by a real estate broker, it is necessary to be able to trace some connection between the principal and the agent with regard thereto, and thereby charge the former with responsibility for what the agent may have said or done. In this case, there is evidence to the effect that Wilkin gave the

real estate agent a description of the property owned by him, which property it was proposed to exchange for the property of respondents. It further appears that Wilkin also informed the agent that he had no personal knowledge of the condition of the property, that he had never seen the same, and that the description he had furnished was the same as that given him by an agent of the former owner of the property. Respondents admit that the real estate broker informed them that he had no personal knowledge of the property, and that the description he gave them was that furnished by Wilkin, but they deny that he also informed them that Wilkin did not claim to have any personal knowledge of the condition of the property.

In that state of the evidence, we do not think the appellant George W. Wilkin was entitled to a directed verdict, for by furnishing the description to the broker it may at least be inferred that he authorized the broker to furnish the same to respondents, and in such a manner that respondents might rely thereon, so that the question of his responsibility was one for the jury.

The judgment is reversed, with instructions to dismiss the action as to Lila J. Wilkin. Costs awarded to appellants.

Morgan, C. J., and Budge, J., concur.