[Civ. No. 3020. First Appellate District, Division One.—October 10, 1919.]

## BASANTA C. BONNARJEE et al., Respondents, v. GEORGE W. PIKE et al., Appellants.

[1] VENDOR AND VENDEE—EXCHANGE OF PROPERTIES—STATUS OF AGENT —EVIDENCE—FINDING.—In this action for damages resulting from an exchange of properties by the respective parties, brought about by the aid of false representations on the part of the agent who negotiated the transaction, the trial court was justified in holding that such agent was the agent both of the plaintiffs and the defendants.

[2] ID.—VALUE OF PROPERTY—EVIDENCE.—A *bona fide* rent paid for the use of property or the price actually paid therefor at a *bona fide* sale may be proved as an aid in determining its value.

[3] ID.—REPRESENTATION AS TO VALUE—STATEMENT OF FACT—WHEN ACTIONABLE.—A representation as to the value of property is often a representation of fact, and actionable if false, especially where the vendee to whom the representation is made is so situated as to have no means of investigating the question for himself, and, therefore, relies on the statements of value made by the vendor or his agent.

[4] ID.—REPRESENTATION BY AGENT—LIABILITY OF PRINCIPAL.—When such a representation is made by an agent in the transaction of his principal's business, the latter, accepting the benefit of the transaction, is liable in damages for the agent's wrongful act.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

---

3. False statement as to cost, selling or market price of property, or as to offers therefor as fraud, notes, 8 Ann. Cas. 1062; 35 L. R. A. (N. S.) 175; L. R. A. 1916F, 782.

The facts are stated in the opinion of the court.

Henry K. Norton and Wilbur Bassett for Appellants.

John F. Poole and Valentine & Newby for Respondents.

KERRIGAN, J.—This action was brought by the plaintiffs, who are husband and wife, to recover from the defendants, also husband and wife, the sum of three thousand dollars as damages resulting from an exchange of properties by the respective parties, brought about by the aid of false representations on the part of the agent who negotiated the transaction. Judgment went for plaintiffs in the sum demanded, and the defendants appeal.

The appellants make several contentions in support of their appeal, among them being that the evidence is insufficient to show that the agent in the transaction was in fact the defendants' agent; that it is also insufficient to show the values of the respective properties upon the difference in which the court based the amount of damages allowed; and furthermore, that the appellants are not responsible for the fraudulent representations of the agent, even conceding that he acted for them.

The facts are substantially these: Basanta C. Bonnarjee (hereinafter referred to as the plaintiff), a native of India and a convert to the Christian religion, was living with his wife in Chicago, and there owned a brick building. Desiring by reason of his wife's illness to go to Los Angeles and there reside, he sought the services of one Wendell, a real estate broker, and a member of a church which the plaintiff sometimes attended. Stating his desire to Wendell, the latter immediately informed him, "I know a person over there [Southern California] and he wanted me to exchange his property, and he wants to come here and we all want him to come. He is a good man and belongs to our church. He is a Sunday-school superintendent, a sanctified man, and I will write him and see if he has the property still left and will exchange that with you." Wendell accordingly wrote to the defendants, with whom he had a previous acquaintanceship, having visited them at their home in Los Angeles. They also were members of a church of the same or an allied denomination, and Wendell addressed them as "Dear brother

and sister," and in signing his letters seldom omitted an allusion to the founder of the Christian religion. This also was the practice of the defendant George W. Pike, who, in his correspondence both with Wendell and the plaintiff, also invariably preceded his signature with the words "Your brother in Christ." In his first letter to Pike, Wendell gave full particulars of the plaintiffs' property, including the price, which was put at five thousand five hundred dollars, and stated that they would trade with the defendants for their cottage "if the price was right." The correspondence which ensued resulted in an exchange of properties, the plaintiffs transferring to the defendants their said house at a valuation of five thousand five hundred dollars, subject to a mortgage of one thousand five hundred dollars, and receiving from the defendants their cottage at a valuation of four thousand five hundred dollars, subject to a mortgage of one thousand three hundred dollars; and a vacant lot, situate on a hillside, over a mile from transportation facilities, barren of street improvements of any kind, and the taxes on which were five dollars per annum, at a valuation of two thousand five hundred dollars, and subject to a mortgage of one thousand dollars; the agreement of exchange also provided that the plaintiffs should pay to Wendell, not only a commission on their own account, but also one agreed to be due to him from the defendants upon this transaction.

There was testimony in the case from which the court was justified in finding that the value of the plaintiffs' property was the figure at which it was put in the transaction. This was the price paid for it by the plaintiffs, and it was rented for forty dollars per month, one of the conditions of the lease being that the tenant should make all repairs; and, according to the testimony of the plaintiff, could have been rented for more. He testified that he could easily have rented it for fifty dollars per month, but having a good tenant, whom he described as a prompt payer, he accepted the lower rent. As to the defendants' property, it was testified to that the cottage was worth from two thousand dollars to two thousand five hundred dollars, only, and was subject to a mortgage of one thousand three hundred dollars, which would make their equity therein of the value of from seven hundred dollars to one thousand two hundred dollars; that the vacant lot was worth, one witness testified, four hundred

dollars, and another five hundred dollars. Burdened as it was with a mortgage of one thousand dollars, secured directly by the defendants from an old lady (whether a member of their church does not appear), the equity therein would have no value.

During the negotiations the plaintiff expressed grave concern to Wendell that the defendants' property was not of the value at which the trade was sought to be made. Wendell quieted him by saying, "Don't you worry about that. I told you that Brother Pike is a good man and he will never do anything at all that is wrong . . . and now here is an opportunity for you, and you are getting a bargain. . . . On the price which you are getting I tell you it is a bargain. I was there, and I have seen the property; both of these properties I have seen, and I can assure you they are worth just what Brother Pike wants for it, and he would not misrepresent at all, so you can take his word for it, and when you go there you will find that you are not at all anyway loser but you get a bargain." The plaintiff's wife was equally dubious about the value of the defendants' property, but her fears were also overcome by similar assurances from Wendell. He said, "Sister Bonnarjee, don't worry anything at all. I am doing the best I can for you, and when you go there you will see that you have made a bargain. Brother Pike is a good man; he belongs to our church, so you can take his word for it, and you will see when you go that it will be all right. You are getting a bargain."

[1] We think the trial court was fully justified in holding that Wendell was the agent both of the plaintiffs and the defendants. Bearing on the question of his employment is the direction contained in one of Pike's letters to Wendell: "If I can trade in both places I would say you can see what you can do." Clearly, in seeing what he could do he was acting for defendants. In addition to the fact that the defendants recognized their liability to pay Wendell a commission upon the transaction (for which, of course, they were not liable unless he was their agent), the evidence also shows that by their direction he received and receipted for money due them incidentally from this same transaction, gave to the plaintiff instructions as to the form of the deed to be executed by him and his wife, recorded it, and that during

the course of the same negotiation was intrusted by defendants with a third piece of property for disposal.

[2] The evidence as to value sufficiently supported the court's finding thereon. "A *bona fide* rent paid for the use of property may generally be shown as an aid in establishing its value." (13 Ency. of Evidence, 435.) "In several jurisdictions the price actually paid at a *bona fide* sale of the property the value of which is in dispute, about the time the transaction arose, may be proved as an aid in determining its value" (Id., p. 447).

[3] That a representation as to the value of property is often a representation of fact, and actionable if false, is well established, especially where the vendee to whom the representation is made is so situated as to have no means of investigating the question for himself, and, therefore, relies on the statements of value made by the vendor or his agent. (*Crandall* v. *Parks,* 152 Cal. 772, [93 Pac. 1018]; *Phelps* v. *Grady,* 168 Cal. 73, 77, [141 Pac. 926].) [4] It is equally well settled that when such a representation is made by an agent in the transaction of his principal's business the latter, accepting the benefit of the transaction, is liable in damages for the agent's wrongful act. (Civ. Code, sec. 2330; *Riser* v. *Walton,* 78 Cal. 490, [21 Pac. 362].)

We conclude from the foregoing that the court's findings are sufficiently supported by the evidence, and that the judgment entered in plaintiff's favor was the correct legal conclusion therefrom.

The judgment is affirmed.

Richards, J., and Waste, P. J., concurred.