BOSS v. TOMARAS.

1. Principal and Agent—Brokers—Agent May Act for Both Parties With Their Consent.

One properly may be agent of adverse parties to transaction if both know and consent thereto, and in such case he is agent of each as to matters intrusted to him by each, and as to those alone.

2. Brokers—Principal and Agent—Dual Agency—Fraud—Exceptions to General Rule That Principal is Not Liable for Representations of Broker Acting for Both.

General rule that neither principal is responsible to other for representations made by broker acting as agent for both is not applicable in case of collusion between one principal and agent, or direct participation by one principal in agent's tortuous acts, as where misrepresentations are made by principal to agent and by him retailed to other, or where agent is evidently representing one party who retains fruits of fraud, and his agency for other is merely colorable or fictitious.

3. Same—When Principal Not Liable.

Principal is not liable where broker acting as agent for both parties makes false representations before becoming his agent and without his participation in them; nor where defrauded principal relies upon statements as those of his own agent.

4. Same—Fraud of Broker—Directed Verdict.

Where, in action for fraudulent representations made to plaintiffs by broker acting as agent for both parties, testimony presented question of fact as to whether defendants had made to broker some of the representations which he in turn made to plaintiffs, defendants were not entitled to directed verdict.

5. Fraud—Representations as to Value Expression of Opinion—Element of Fraud.

Where, in action for fraudulent representations of broker in exchange of property, the evidence disclosed no intent to

On right of either principal to affirmative relief from transaction in which agent acted for both parties, see annotation in 17 L. R. A. (N. S.) 622.

Validity of contract negotiated by agent acting for both parties, see annotation in 48 A. L. R. 917.

defraud, and no notice by plaintiffs to defendants or their agent that they were relying on the estimate of value nor other special considerations necessary to overcome general rule that statement of value is expression of opinion and not basis of fraud, court was in error in submitting to jury claimed representations of value as element of fraud.

6. SAME—ESTIMATE OF VALUE CONCURRED IN BY PLAINTIFF NOT BASIS FOR FRAUD.

Where, in said action, defendants claimed that plaintiffs and broker estimated acreage of crops and amount of personal property, and that bill of sale was drafted upon basis of said estimates, defendants were entitled to requested instruction that if this was done and plaintiffs concurred in the estimates, mistake in said bill of sale in this respect was not fraud of defendants.

7. SAME—EVIDENCE—AMOUNT RECEIVED FOR PROPERTY SOLD ADMISSIBLE ON MEASURE OF DAMAGES.

Where, in said action, it appeared that plaintiffs had sold the personalty received by them, defendants should have been permitted to inquire into amount received therefor, since it is some evidence of value and was relevant upon measure of damages.

Error to Muskegon; Vanderwerp (John), J. Submitted April 16, 1930. (Docket No. 101, Calendar No. 34,923.) Decided October 3, 1930.

Case by Ralph D. Boss and another against Gust Tomaras and another for fraud in exchange of real estate. From verdict and judgment for the plaintiffs, defendants bring error. Reversed and new trial ordered.

*George H. Cross,* for plaintiffs.

*Alexis J. Rogoski* and *Lou L. Landman,* for defendants.

FEAD, J. In 1926, plaintiffs listed a house and lot in Muskegon with March & Lincoln, real estate brokers, for sale or trade for a farm. They urged the brokers to obtain a farm for them. They were

shown several. In June the brokers got in touch with defendants and negotiated for a trade. Under escort of the brokers the parties each inspected the others' premises. A trade was consummated, with plaintiffs' property priced at $2,500, and defendants' farm, tools, stock, implements, etc., at $4,200, the excess to be paid by plaintiffs on contract. Plaintiffs took possession of the farm, sold much of the personal property, failed to make a payment of $100 due in December, and their contract was forfeited. Boss had had considerable experience in farming. When he inspected defendants' farm he declared himself satisfied with it. He made no complaint during the time he lived on the farm nor until he began this suit in January, 1927. The action is for fraud, and plaintiffs had verdict and judgment for $1,000.

Defendants made no representations to plaintiffs directly. The latter claimed fraud solely on the basis of representations made to them by the brokers. The brokers testified that they received from Tomaras the information they gave to Boss, and that, in one respect, Mrs. Tomaras confirmed it. Tomaras denied that he gave them any information except in a very general way. The fraud claimed was that the brokers falsely represented that the farm was of good, sandy, loam soil and would grow good crops, there were 5 acres of muck land, 15 acres of timber, 4 acres of corn, and 1 of melons planted, the tools and implements were in good condition and suitable for use, and the property was worth $4,200. The evidence was in sharp conflict, but there was testimony of the representations, their falsity, and plaintiffs' reliance on them. As the case must be reversed on other grounds, we need not determine whether the verdict was against the weight of the evidence.

Each party paid the brokers a commission on the trade, and it is undisputed they were agents for both, with the knowledge of both, when the deal was consummated, although the testimony does not show the precise time they became agents of defendants. Defendants moved for a directed verdict on the ground that, as the brokers were agents for both parties, defendants were not liable for misrepresentations in which they had not participated. They call this the pivotal question in the case.

One properly may be an agent of adverse parties to a transaction if both know and consent thereto. In such a case, he is the agent of each as to matters intrusted to him by each, and as to those alone. *Cutter* v. *Powers*, 200 Mich. 375; 2 C. J. p. 448. As a general rule, neither principal is responsible to the other for the representations of such an agent made in the course of the transaction; but the general rule is not applicable in case of collusion or direct participation by one of the principals in the tortuous acts of the agent (9 C. J. p. 672; *Ringer* v. *Wilkin*, 32 Idaho, 330 [183 Pac. 986]; *Austin* v. *Rupe* [Texas Civ. App.], 141 S. W. 547; *Adams* v. *Barber*, 157 Mo. App. 370 [139 S. W. 489]), as where the misrepresentations are made by the principal to the agent and by him retailed to the other (*Beetle* v. *Anderson*, 98 Wis. 5 [73 N. W. 560]), or where the agent is evidently representing one party, who retains the fruits of the fraud, and his agency for the other is merely colorable or fictitious (*Dawson* v. *Chisholm*, 1 N. Y. Supp. 171). A principal is not liable where the agent makes the representations before becoming his agent and without his participation in them (*Webb* v. *Johnston*, 246 Mass. 229 [140 N. E. 814]); nor where the defrauded principal relies upon the statements as those of his own agent

(*Van Auker* v. *Toan*, 204 Mich. 184; *Mason* v. *Burnett*, 126 Wash. 498 [218 Pac. 255]).

Upon the record made, the court did not err in refusing to direct a verdict for defendants, because the testimony presented the question of fact whether defendants had made to the brokers some of the representations they, in turn, made to plaintiffs.

The court submitted to the jury the claimed representations of value as an element of fraud. This was error. The evidence disclosed no intent to defraud, no notice by plaintiffs to defendants or their agents that they were relying upon the estimates of value nor other special considerations necessary to overcome the general rule that a statement of value is an expression of opinion and not a basis of fraud. *Hammer* v. *Martin*, 205 Mich. 359; *Bowen* v. *Stocklin*, 215 Mich. 341; *Sutton* v. *Benjamin*, 231 Mich. 153; *Gugel* v. *Neitzel*, 248 Mich. 312.

Defendants claim that plaintiffs and the brokers made estimates of the acreage of the crops planted and the amount of personal property, and the bill of sale was drafted upon the basis of such estimates. They were entitled to an instruction, as requested, that if this were done and Boss concurred in the estimates, a mistake in the bill of sale in this respect was not a fraud of defendants.

Defendants were not permitted to inquire into the amount received by plaintiffs upon sale of the personal property. The price was some evidence of value. The personalty was included in the trade, and its value was relevant upon the measure of damages.

Judgment will be reversed, and new trial ordered, with costs.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.