POLLY v. CHAROUHIS.

1. PRINCIPAL AND AGENT—FRAUD—PRINCIPAL NOT LIABLE FOR AGENT'S FRAUD BEFORE BECOMING AGENT.
    Principal is not liable where agent makes false representations before becoming agent and without principal's knowledge or participation therein.

2. BROKERS—PRINCIPAL AND AGENT—FRAUD.
    Where owner did not list property with broker, did not employ him to sell it, and had no knowledge of his efforts to sell it, false representations made by him to prospective purchaser

were not made as owner's agent, and owner is not liable therefor, although sale was afterward made by broker acting for both parties.

3. SAME—ADMISSIONS—EVIDENCE.

Admission by owner that broker was his agent in selling property may not be taken as admission that broker was agent in making false representations of which owner had no knowledge before broker actually became agent.

Error to Genesee; Parker (James S.), J. Submitted January 6, 1931. (Docket No. 22, Calendar No. 35,347.) Decided February 27, 1931.

Case by Warry H. Polly and another against William J. Charouhis for false representations of defendant's alleged agent in the exchange of real estate. Judgment for plaintiffs. Defendant brings error. Reversed.

*Neithercut & Neithercut,* for plaintiffs.

*Farley & Elliott,* for defendant.

McDONALD, J. This is an action to recover damages for false representations claimed to have been made by an agent of defendant in the exchange of certain real estate located in the city of Flint, Michigan.

The material facts are substantially as follows:

Prior to March 21, 1929, the plaintiffs owned an interest in real estate property in the city of Flint. They desired to exchange it. For this purpose they listed it with O. L. & J. J. Welch Company, real estate brokers. Mr. C. A. Walker was employed by the Welch Company. He represented the plaintiffs in making the exchange in question. He knew about defendant's property and took them to see it. While there, he falsely represented the dimensions of the

lot and led them to believe it was much larger than
it actually was. Subsequently he interviewed the
defendant and an exchange was agreed upon. A
writing was signed by the parties in which each
agreed to pay a commission. A few months later,
the plaintiffs first learned that Walker had falsely
represented the dimensions of the lot and that they
had been defrauded. They brought this suit to re-
cover their damages on the theory that Walker was
defendant's agent in exchanging his property, and
that, though the defendant may not have been aware
of his fraudulent conduct, he is responsible for the
representations made by his agent while acting with-
in the scope of his authority.

On the trial, at the close of the proofs, defendant
moved for a directed verdict in his favor alleging
as reasons therefor:

"1. That the evidence did not show any agency
agreement between the defendant and Walker at
the time the representations were made, that what-
ever representations were made, were made by
Walker to the plaintiffs as his own principals, and

"2. For the reason that where a real estate agent
is employed by two parties to make a deal and each
pays him a commission, neither party can claim
damages against the other for representations made
by the agent."

The motion was denied, and the issue submitted
to the jury. The plaintiff recovered a verdict and
judgment which the defendant reviews on error.

The evidence is undisputed that the alleged repre-
sentations were made by Walker, that they were
false, and were relied on by plaintiffs to their dam-
age. There is no evidence that the defendant made
any representations directly to the plaintiffs or that
he authorized Walker to make any or was aware

that he had done so. If he must respond in damages to the plaintiffs, it is on account of the fraud of Walker, if Walker was his agent. The controlling question is whether such an agency existed at the time the representations were made.

In bringing about the exchange of properties, Mr. Walker acted for the plaintiffs as their agent. There is no question about that. They admit it. But they say he also represented the defendant, and made the representations as his agent. The defendant had no business with them directly. They did not see him during the negotiations or at the time the exchange was consummated. The business was all carried on by Walker. The evidence is undisputed that the representations were made two or three weeks before the deal was closed. Mrs. Polly so testified. It is also undisputed that the defendant did not list his property with the brokers; that he did not employ Mr. Walker to sell or exchange it, and that he knew nothing about the transaction until the day before the agreement was signed. It follows that Walker was not his agent at the time he made the false representations. If it can be said that Walker ever became his agent in bringing about the exchange of his property, he could not be held liable for representations made two or three weeks before the agency began. In *Boss* v. *Tomaras,* 251 Mich. 469, it was said:

"A principal is not liable where the agent makes the representations before becoming his agent and without his participation in them (*Webb* v. *Johnston,* 246 Mass. 229 [140 N. E. 814])."

We have not overlooked the testimony of Mr. Polly as to an alleged confession of agency by the defendant. It appears that after the plaintiffs had taken possession of defendant's property, they were

called upon to pay for the replacing of some window glass. Walker had told them the defendant would pay this item of expense. Mr. Polly testified that the defendant said, "Walker had nothing to do with it, except to sell the place." This statement is taken as an admission of Walker's agency. If it can be so considered, it is in no way inconsistent with the testimony showing that Walker was not his agent at the time he made the representations complained of. If he ever became defendant's agent, it was when the agreement was made in which defendant promised to pay a commission. There is no evidence of any such relation before that time. We think decision in this case must rest on the undisputed evidence that Walker was not defendant's agent at the time he made the representations. It follows that the trial court erred in refusing defendant's motion for a directed verdict. The judgment is reversed, and a new trial granted, with costs to the defendant.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.