[Civ. No. 2167. Fourth Appellate District.—December 9, 1938.]

DAVID J. OWENS et al., Respondents, v. JULIUS J. SCHNEIDER et al., Appellants.

Roger C. Dutton, Forgy, Reinhaus & Forgy and A. M. Bradley for Appellants.

William L. Waters for Respondents.

MARKS, J.—This is an appeal from a judgment awarding plaintiffs $3,000 for damages for fraud in the exchange of properties. Defendant Carl C. Rasmussen has not appealed.

Respondents were the owners of improved property in Long Beach. Appellants were owners of an orange grove near the city of Anaheim. Both respondents and appellants employed Rasmussen, a realtor, to effect an exchange of their properties. All parties knew of the common agency.

Rasmussen misrepresented the condition and productivity of the orange grove. Respondents believed and relied upon these misrepresentations and were damaged thereby in the sum of three thousand dollars. The trial court particularly found that appellants neither knew of nor authorized in any manner any of the misrepresentations made by Rasmussen and as far as they themselves were actually and personally concerned were innocent parties in the transaction.

Appellants urge that the findings do not support the judgment under the following rule as announced in *Fuchs* v. *Leahy,* 321 Mo. 47 [9 S. W. (2d) 897]:

" 'Where two or more principals employ the same agent, whether as a means of dealing with one another or to protect their common interests, one cannot charge the other not actually at fault with the misconduct of the common agent. The latter owes no more duty to one than to the other; each of the principals is under an equal duty to supervise the agent and to protect his own interest, and there is no reason why the misconduct of the agent should be imputed to one principal rather than to the other.' 2 Mechem on Agency (2d ed.) Sec. 2140. See, also, *Austin* v. *Rupe,* (Tex. Civ. App.) 141 S. W. 547; *Ringer* v. *Wilkin,* 32 Idaho, 330 [183 Pac. 986, 989]; Walker, Real Estate Agency (2d ed.) 300; *Brown & Co.* v. *St. John Trust Co.,* 71 Kan. 134 [80 Pac. 37]; *Blair* v. *Baird,* 43 Tex. Civ. App. 134 [94 S. W. 116]; *Smith* v. *Farrell,* 66 Mo. App. 8; *First Nat. Bank of New Milford* v. *Town of New Milford,* 36 Conn. 93."

This rule is followed in many jurisdictions where the principals have knowledge of the common agency. (*Boss* v. *Tomaras,* 251 Mich. 469 [232 N. W. 229]; *Greig* v. *Interstate Inv. Co.,* 121 Or. 15 [253 Pac. 877]; *Mason* v. *Burnett,* 126 Wash. 498 [218 Pac. 255].)

Respondents rely upon the cases of *Herdan* v. *Hanson,* 182 Cal. 538 [189 Pac. 440], and *Hamilton* v. *French,* 78 Cal. App. 289 [248 Pac. 281]. (See, also, *Proctor* v. *Arakelian,* 208 Cal. 82 [280 Pac. 368].) Appellants seek to distinguish these cases from the instant case, because nowhere in the opinions does it appear that the principals knew of the common agencies.

We have examined the record on appeal in *Herdan* v. *Hanson, supra.* The trial court found on ample evidence that the agent was acting for both parties. It also appears from

the record that both parties signed an exchange agreement on May 22, 1913. In that agreement Hanson authorized the agent Reiss to act for him as his agent in the exchange and promised to pay Reiss four hundred dollars commission for his services. Herdan also agreed to pay a commission for effecting the exchange. It therefore appears from undisputed documentary evidence that both parties knew of and consented to the common agency. Therefore, the facts of that case cannot be distinguished from the instant case and it must be considered as controlling here. The Supreme Court affirmed a judgment of four thousand six hundred dollars in favor of plaintiff as damages for the fraud of the common agent in misrepresenting defendant's property. In so doing it was said:

"In contending that the evidence as thus outlined does not support the findings complained of, it is argued that Reiss was the agent of the plaintiff, and that, therefore, the knowledge of Reiss, obtained from the defendant, was that of the plaintiff. Ordinarily, the knowledge of an agent is imputed to his principal. (Civ. Code, sec. 2332.) But, assuming that Reiss was the agent of the plaintiff, it is the rule that, where an agent is interested in the result of a transaction adversely to the interest of his principal, the rule of imputed knowledge on the part of the principal no longer obtains. (31 Cyc. 1595.) In the present case, there was sufficient evidence to support the finding of the trial court that Reiss was acting as agent for defendant in securing the exchange in question. Since he was acting for defendant, upon a commission basis, his interest was adverse to plaintiff, and plaintiff cannot be charged with his uncommunicated knowledge of the actual conditions. On the other hand, having accepted the advantages obtained thereby, defendant was bound by the representations and concealments of Reiss, his agent. (*Bonnarjee* v. *Pike,* 43 Cal. App. 502 [185 Pac. 479]; Civ. Code, Sec. 2330.)"

It therefore follows that under the rule thus announced the findings support the judgment.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.