Marvin ANDERSON et al., Appellants,

v.

BROTHERHOOD OF PAINTERS, DECORATORS AND PAPERHANGERS OF AMERICA, LOCAL UNION NO. 318, et al., Appellees.

No. 16038.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 20, 1959.

Rehearing Denied Jan. 8, 1960.

Ernest May, Fort Worth, for appellant.

Herbert S. Thatcher, Washington, D. C., and Sam Houston Clinton, Jr., Austin, for appellee Brotherhood of Painters, Decorators and Paperhangers of America.

Doyle Willis and George Busch, Fort Worth, and Sam Houston Clinton, Jr., Austin, for appellee Painters Local 318 and W. E. Tatum.

BOYD, Justice.

Marvin Anderson and five others filed suit against the Brotherhood of Painters, Decorators and Paperhangers of America, Local Union No. 318, asking reinstatement in the Local Union and the remission of fines and accumulated dues. They also joined W. E. Tatum, the Union's Business Agent, and The Brotherhood of Painters, Decorators and Paperhangers of America asking for damages against all of the defendants. The trial court sustained a plea in abatement to their suit. The plaintiffs have appealed.

According to appellants' allegations, in June, 1956, they were members of the Local Union; Tatum, the Union's Business Agent, undertook to punish the appellants for opposing his reelection; Tatum filed

charges with the secretary of the Local Union, accusing appellants of violating provisions of the Brotherhood Constitution; these charges were not preferred in good faith, were false and were actuated by malice; the officers of the Local Union conspired with Tatum to punish appellants for opposing their reelection and his reelection; fines were wrongfully and unlawfully assessed against appellants and upon their failure to pay said fines appellants were suspended from the Union; appellants appealed to the General Executive Board of the Brotherhood and their appeals were denied; because of their unlawful suspensions they have been unable to obtain work from contractors who depend upon the Local Union for their labor supply; their earnings have thereby been diminished. They prayed for judgment against the Local Union for reinstatement and remission of the fines and accumulated dues, and for judgment against all of the appellees for damages.

Section 290 of the Brotherhood Constitution provides that an aggrieved member must exhaust all remedies within the framework of the Constitution before resorting to the courts for redress. Section 269 provides that appeals from the Executive Board shall be taken to the General Convention. Appellants did not appeal to the General Convention and their petition does not show any reason why they did not.

Appellants alleged that the Local Union is an unincorporated labor union of Fort Worth, Texas, and that The Brotherhood of Painters, Decorators and Paperhangers of America is an organized labor organization with headquarters at Lafayette, Indiana, and operates in Fort Worth through the Local Union.

■ It seems to be settled in Texas that where parties either agree or are required by law to resort to a designated tribunal for the adjustment of controversies they must exhaust such remedy before resorting to the courts for redress or plead and prove a valid reason for not doing so. Glass v. Hoblitzelle, Tex.Civ.App., 83 S.W. 2d 796; Hinojosa v. San Isidro Independent School Dist., Tex.Civ.App., 273 S.W.2d 656. The general rule is that any person seeking judicial relief against an organization of which he is a member must first invoke and exhaust the remedies, both original and appellate, which are provided by that organization. When such an organization violates its own rules for appellate review, or when it is shown that it would be futile to invoke the internal procedure, resort to the courts may be had. It has been held, however, that the organization's violation of its own rules which inflict the initial wrong affords no right for resort to the courts without exhausting the remedies within the organization. De Mott v. Amalgamated Meat Cutters and Butcher Workmen of North America, 157 Cal.App.2d 13, 320 P.2d 50. We think the plea in abatement was properly sustained as to the prayer for reinstatement and remission of the fines and accumulated dues.

■ It is appellants' contention that if the plea in abatement was properly sustained so far as it related to a prayer for reinstatement and remission of fines and dues, it was improperly sustained as to their suit for damages. It is appellees' contention that to allow appellants to recover damages from the organizations of which they were members would be allowing them, in effect, to sue and collect from themselves.

After this appeal was submitted in this court, the Supreme Court of Texas handed down its decision in United Ass'n of Journeymen and Apprentices of Plumbing and Pipefitting Industry of United States and Canada v. Borden, Tex., 328 S.W.2d 739, 740, and held that: "* * * a member of an unincorporated association can maintain an action against the latter for damages caused by an intentional wrong knowingly committed by one of its agents, provided the association participates in or

544

otherwise authorizes or ratifies the wrongful conduct."

In our case the appellants alleged a conspiracy between the officers of the Local Union and Tatum, its Business Agent, and that the charges, which resulted in their suspension from the Local Union, were false and were arbitrarily and maliciously made. We think the allegations bring this case within the rule announced in the Borden case, supra, where it is stated: "The legal responsibility of an unincorporated association for the wrongful conduct of its agents should not be substantially different from that of an ordinary principal. The general rule is one principal is not civilly liable to another for the tortious acts of an agent who acts for both parties with their consent. He is responsible, however, where there is collusion with the agent, active participation in the wrongful act, or the same is otherwise authorized or ratified. See Ringer v. Wilkin, 32 Idaho 330, 183 P. 986; Boss v. Tomaras, 251 Mich. 469, 232 N.W. 229; Fuchs v. Leahy, 321 Mo. 47, 9 S.W.2d 897; 3 C.J.S. Agency § 260. This was recognized in Blair v. Baird, 43 Tex.Civ.App. 134, 94 S.W. 116, 121 (wr. dis.), where the court pointed out that 'by the terms of the contract, O'Neal was the joint agent of the parties, and, unless it had been shown that he had conspired with appellant Blair to defraud appellees, appellants would not be responsible for any misconduct on the part of O'Neal.' "

Having alleged an intentional wrong committed by the agent and participated in by the other appellees, under the holding of the Supreme Court, which we think is controlling here, it is our opinion that the appellants are entitled to a trial on their plea for damages.

The judgment in so far as it sustained the plea in abatement as to reinstatement and remission of fines and accumulated dues is affirmed; that part of the judgment sustaining the plea in abatement in so far as it relates to the suit for damages is reversed and remanded for trial on the merits.

Affirmed in part and in part reversed and remanded.