No. 31,217.

CHARLES BUNN, *Appellant,* v. FRANCES BUNN, *Appellee.*

(22 P. 2d 455.)

Opinion filed June 10, 1933.

*Harold Medill, W. N. Banks, O. L. O'Brien* and *Walter L. McVey,* all of Independence, for the appellant.

*Chester Stevens* and *Frank Clampitt,* both of Independence, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action to recover damages sustained in an automobile wreck. Judgment was for defendant. Plaintiff appeals.

Charles and Frances Bunn were husband and wife. In this case Charles is suing Frances Bunn, his wife, and Jack Cady, the driver of the car. The theory of plaintiff is that the injury was caused by the negligent driving of Jack Cady; that Charles Bunn was a pas-

senger in the car; that Jack Cady was the agent of Frances and hence Frances is liable to Charles for the injury. A demurrer to the petition was sustained and from that order this appeal is taken.

The allegations of the petition which interest us now are as follows:

"That the defendant, Jack Cady, was at all times hereinafter mentioned in the employ of the defendant, Frances Bunn, and was acting as her agent; that said employment was by an oral agreement entered into between Jack Cady and Frances Bunn, which was made on the evening of June 8, 1930, at the Bunn home at Independence, Kansas; that the defendant, Frances Bunn, in the presence of Jack Cady and Charles Bunn, plaintiff herein, stated that she desired her husband, Charles Bunn, to go to Wichita, Kan., the next day to visit with his son who was then living at Wichita; that said Frances Bunn requested said Charles Bunn, her husband, to go to Wichita the next day to visit his son, stating that her Reo Flying Cloud automobile was in first-class condition and that she would have it ready the next morning in good shape, filled with oil, water, and gasoline, for the trip to Wichita, and asked Charles Bunn if he would make the trip in her car, to which Charles Bunn replied that he would go in said automobile the next day to Wichita. Thereupon Frances Bunn, without any knowledge whatever of the ability of Jack Cady as a driver or as to whether or not he was a careful driver or otherwise and without making any investigation as to the ability of said Jack Cady as a driver, asked Jack Cady in the presence of Charles Bunn if he would drive the car to Wichita the next day and return it to Independence, Kan., for a consideration of $10, and said Jack Cady replied that he would drive said car to Wichita and take Charles Bunn in said car to Wichita the next day for the sum of $10, and that he would bring the car back from Wichita; and thereupon the sum of $10 was paid to him by Frances Bunn."

Appellee argues that these allegations are insufficient allegations of agency to charge Frances Bunn with liability; that under the allegations, if there was an agency stated, it constituted Jack Cady the joint agent of Charles and Frances Bunn, and that, in any event, it is not alleged that the car was being operated in furtherance of the business of Frances Bunn.

It is well settled that the owner of an automobile is not liable for injuries caused in its operation by another unless such other was the servant or agent of the owner and acting in furtherance of his business. (See *Halverson v. Blosser*, 101 Kan. 683, 168 Pac. 853, and cases there cited.) It will hardly be argued that where a person is injured by the negligence of one who is his agent, as well as the agent of another, that the other person is liable. (See *Brown v. Trust Co.*, 71 Kan. 134, 80 Pac. 37, 2 C. J. 855.)

With these rules in mind we will examine the allegations of the

petition. The language of the petition states as clearly as it could an arrangement between a husband and wife for the husband to go on an errand in which they were both interested. In discussing the question of whether these people were engaged in a joint adventure, this court has said that the fact that several people are riding in a car bound for a common destination and for a common purpose does not necessarily make the journey a joint adventure, but there must be, in addition, a mutual privilege of direction and control. (See *Link v. Miller*, 133 Kan. 469, 300 Pac. 1105.)

In the case at bar, under the allegations of the petition, the purpose of the trip and the destination were of as much interest to Mr. Bunn as to Mrs. Bunn. As to the other element spoken of—that is, the mutual privilege of direction and control—while that privilege was not mutual it passed to Mr. Bunn as soon as the journey started. It cannot be said that Mrs. Bunn exercised any control over the manner in which the car was driven after it left Independence. On the other hand, Mr. Bunn had full control. We have therefore concluded that the petition makes it a case where the negligent driver was the agent of the husband and wife jointly and that the husband cannot recover damages from the wife.

The judgment of the district court is affirmed.