JOSEPH RODGERS, Plaintiff, *v.* THOMAS WARD and ARTHUR KIMBALL, Defendants.

Supreme Court, Kings County, October 31, 1938.

*James M. Fawcett,* for the plaintiff.

*Joseph L. Roesch,* for the defendants.

STODDART, J.  Motion to strike out a defense as insufficient. The action is for personal injuries allegedly sustained by the plaintiff Joseph Rodgers while riding as a passenger in an automobile owned by the defendant Thomas Ward, and operated by the defendant Arthur Kimball.  The defendant Ward alleges that the automobile at the time of the accident was being used by Joseph Rodgers in furtherance of a joint enterprise in which they were engaged and that both of them had control over the management, operation and destination of the vehicle.

Section 59 of the Vehicle and Traffic Law provides that an owner of an automobile is responsible for injuries caused by the negligence of any person operating the vehicle with his permission. The Legislature by this enactment did not " otherwise change any of the rules of liability; that is, it did not extend the liability of the master for the acts of his servant. It placed the borrower of a car in the same position toward the lender as that of master and servant, principal and agent, but it did not increase the liability of the lender beyond that of the master for those acts of his servant coming within the scope of his employment." (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388, 393.) The plaintiff contends that even though it be established that the operator of the car was his servant and the defendant Ward's servant at the time of the accident, the negligence is imputable to Ward alone. Neither counsel has cited nor has this court been able to find any adjudication by the courts of this State to support this contention. In volume 3, Corpus Juris Secundum, section 260, it is provided: " Where an agent represents two adverse parties in a transaction with the knowledge and consent of both, neither principal is liable to the other for the tortious act of the agent so situated where he in no way participates in the tortious act, but he may be held liable to the other principal where he is directly connected with the tort committed by the agent." And decisions of other jurisdictions upholding that statement have been noted therein. Accordingly the motion is denied.