## 53809. MAYES v. HODGES et al.

WEBB, Judge.

This is an appeal by plaintiff-insured from a grant of summary judgment to defendant State Farm Fire & Casualty Company and to Preston Hodges, the defendant insurance agent, in a suit bottomed upon Hodges' failure to procure appropriate insurance coverage for plaintiff as he had undertaken to do, and upon the company's negligence in setting up Hodges, alleged to be inexperienced and incapable, in a position to deal with the public with regard to insurance matters.

1. (a) While plaintiff-insured includes in his enumeration of error a claim that there was a genuine issue as to the negligence of State Farm, this question was not within the scope of the motion for summary judgment nor the ruling thereon below, and is consequently not properly reviewable at this time. See *Ga. Ports Authority v. Norair Engineering Corp.,* 131 Ga. App. 618 (206 SE2d 563) (1974).

(b) According to defendants' brief, their motion below sought two things: "(1) to have the dual agency question removed from the case . . . , and (2) to have the

complaint as a whole dismissed on the ground that [plaintiff] acknowledged receipt of the contract and had the obligation to read and determine from it whether it contained the coverages which he desired." Defendants contend that the ruling on the second issue was neither enumerated as error nor briefed and argued, and for that reason have moved this court to dismiss the appeal.[1] However, the enumeration reads: "The court erred in granting appellees' motion for summary judgment in that there were genuine and material issues of fact raised as to the concept of 'dual agency' and the relationship of appellee Hodges to appellant Mayes . . . ." This relationship controls the asserted duty of plaintiff to read and discover since if, as plaintiff contends, Hodges undertook to perform the services as his agent, he was "relieved . . . from the responsibility of having the policy examined minutely to determine if the coverage required was included within the terms of the insurance policies." *Wright Body Works v. Columbus Ins. Agency,* 233 Ga. 268, 271 (210 SE2d 801) (1974). Thus the enumeration of error was quite sufficient to reach the issue within standards announced in cases such as *Adams-Cates Co. v. Marler,* 235 Ga. 606 (221 SE2d 30) (1975); and since the above principle from *Wright Body Works,* supra, was briefed and argued, the enumeration is not deemed abandoned.

2. (a) "Whether the defendant was licensed as an 'agent' or as a 'broker' under the Insurance Code of Georgia [cits.] is immaterial to a determination of this case for the relationship of the parties, not the license held by the defendant, is the controlling issue." *Wright Body Works v. Columbus Interstate Ins. Agency.* 233 Ga. 268, 270, supra.

(b) The primary issue in this appeal is whether Hodges carried his burden of showing that State Farm had not consented for him to act as plaintiff's agent in selecting coverage. He seeks to draw a distinction

---

[1] Failure to brief and argue results in abandonment of the enumeration, not dismissal of the appeal. Rule 18 (c) (2), this court (Code Ann. § 24-3618 (c) (2)); *Peagler v. State,* 117 Ga. App. 821 (1) (162 SE2d 11) (1968).

between an insurance "agent" and an insurance "broker" and contends that only a "broker" can act in a dual capacity as agent for both the insured and the company. Thus we are urged to confine the ruling of *Wright Body Works,* supra, allowing recovery from the agent, to situations involving only "independent agents" or "brokers," i.e., those who are not the exclusive agents of one company but who are free to place coverage, in the interests of the insured, with one or more of several companies which he represents. It is urged that recovery cannot be had from him here since he was not an independent agent but could only place coverage exclusively with State Farm.

This contention is without merit. The rule prohibiting dual agency without the consent of the principals is not a rule peculiar to insurance situations, nor is there any magic in the nomenclature of "agent" or "broker" — the issue in all these cases is whether the principal consented to the dual agency. As stated in *Ramspeck v. Pattillo,* 104 Ga. 772 (30 SE 962) (1898), one of the leading cases applying the prohibitory rule to an insurance agent: "An agent of a fire-insurance company, authorized to contract for insurance in its behalf, can not, *without the company's consent,* become in his individual character the agent of a property-owner who desires to obtain insurance in that company. This is so for the reason that an agreement to act as agent for both of the parties would be an undertaking to perform inconsistent duties, and a mutual agency of this kind *requires the consent* of both parties." (Emphasis supplied.)

Thus the "dual agent" prohibition does not, by definition, apply to a situation where the insurance company knows of, and consents to, the agent's efforts on behalf of his clients in selecting coverage. "Two parties may always, by mutual consent, no matter how diverse their interest, make a third their agent." *Fitzsimmons v. Southern Exp. Co.,* 40 Ga. 330, 336 (1869). The distinctions between "agents," "brokers," and "independent agents" do not properly relate to statements of substantive rules of agency but rather to matters of proof of consent. For example, nothing else appearing, consent would be deemed lacking in an "exclusive agent"

situation (*Ramspeck v. Pattillo,* 104 Ga. 772, supra) while at least since *Wright Body Works,* supra, consent may apparently be regarded as inherent in the concept of the "independent agent" arrangement. See *Creative Underwriters, Inc. v. Heilman,* 141 Ga. App. 740 (fn. 1) (1977).

In the instant case Hodges has carried his summary judgment burden of showing that State Farm was the only insurance company he was authorized to represent, and he must therefore in this appeal be regarded as an "exclusive" rather than an "independent" agent. He has not, however, eliminated the question of fact as to whether State Farm gave the public to understand that its agents do not just sell policies but also are authorized to perform services on behalf of the client. Should the jury so find at trial, where the burden will be upon plaintiff, Hodges would not be insulated from liability for the breach of agency duties he may have undertaken to perform on plaintiff's behalf. *Wright Body Works,* supra.

Compare *Creative Underwriters v. Heilman,* 141 Ga. App. 740, supra, where the appellant agent was solely the agent of the company and made no individual undertaking on the insured's behalf, and *Pearlman v. United Ins. Co. of America,* 142 Ga. App. 48 (1977), where the suit was solely against the insurance company and no sufficient ground of recovery from it appeared independent of the dual agent's breach of fiduciary duties owed the insured, which, while rendering the *agent* liable to the insured, does not so operate to render the *company* liable.[2]

(c) It is contended that there is an absolute duty im-

---

[2] As to the asserted independent ground of recovery, *Pearlman* followed *Watkins v. Coastal States Life Ins. Co.,* 118 Ga. App. 145 (162 SE2d 788) (1968), which held as a matter of first impression that it was not permissible to base an action against an insurer or its agent upon the premise that they had delayed for an unreasonable time in passing upon the application for insurance. The same result was reached in *Creative Underwriters,* supra, where the agent, acting solely for the company, misplaced the application.

posed by law upon an insured to examine his policy and to determine for himself whether or not he has the coverage appropriate to his needs, and that this is true regardless of whether the agent is the agent of the company or the insured. Cited in support of this proposition are *Ga. Mut. Ins. Co. v. Meadors,* 138 Ga. App. 486 (226 SE2d 318) (1976) and *S & A Corp. v. Berger & Co.,* 111 Ga. App. 39 (140 SE2d 509) (1965). Those cases do not require a different result here, however, since *Meadors* was a suit on the policy, and since in *Berger* "the premium on said policy had not been paid." 111 Ga. App. 39, 40. *Berger* was further distinguished in *Wright Body Works,* supra. Should it nevertheless be thought that these cases are in conflict with *Wright Body Works,* supra, they will not be followed. It should be self-evident that the whole purpose of relying upon the expertise of the agent to select the appropriate coverage is to relieve the insured of that responsibility. "In undertaking to render this service the broker became the insured's agent and relieved its principal from the responsibility of effecting a minute examination of the policies." 27 Mer. L. Rev. 121, 122, commenting upon *Wright Body Works,* supra.

*Judgment reversed. Deen, P. J., and Marshall, J., concur.*

ARGUED MAY 4, 1977 — DECIDED MAY 9, 1977 — REHEARING DENIED JUNE 13, 1977 —

*Robert Paul Phillips, III,* for appellant.

*Miller, Beckmann & Simpson, Luhr G. C. Beckmann, Jr., William H. Pinson, Jr.,* for appellees.