## 32696. HODGES et al. v. MAYES.

BOWLES, Justice.

We granted certiorari to the Court of Appeals in this case to consider their opinion in *Mayes v. Hodges,* 142 Ga. App. 538 (236 SE2d 494) (1977), and to settle, if possible, one or more questions of dual agency in this state which we consider to be unclear.

Mayes brought suit in the Superior Court of Chatham County naming Preston Hodges, an agent for State Farm Fire & Casualty Company, as defendant, and State Farm Fire & Casualty Company as co-defendant. The suit, as amended, alleged in substance that Hodges was a dual agent; that plaintiff had sustained losses for which he was not fully covered under the limits contained in the policy delivered to him; and that, as agent for the insured, Hodges was liable to plaintiff because of his negligence in failing to procure adequate insurance coverage for the plaintiff. Further, the complaint alleged that State Farm was liable to plaintiff because of its negligence in setting up Hodges as its agent, alleging him to be untrained, inexperienced and incapable of dealing with the public with regard to insurance matters.

Defendants filed a motion for summary judgment in their behalf. In support of their motion they affirmatively showed that Hodges was an exclusive agent of State Farm with no authority to represent any other insurance carrier or any other person in the procurement and issuing of insurance policies. To counter this contention, Mayes offered evidence to show that State Farm, through its advertisements and its course of dealing, led the public to believe that they consented for Hodges to represent prospective insureds. Thus, plaintiff contends that State Farm consented for its agent, Hodges, to perform services on behalf of Mayes, a client, resulting in Hodges acting as a dual agent by consent. The decision of the Court of Appeals reversed the trial judge's order granting defendants' motion for summary judgment, and held, in substance, that the question of dual agency and consent was a jury question. We reverse.

1. Without deciding whether the evidence on motion for summary judgment left a question of fact for a jury to

decide as to consent to dual agency, we will assume, for the purposes of this opinion only, that the opinion of the Court of Appeals was correct in that respect.

If plaintiff's complaint were supported by competent evidence at trial to show a dual agency by consent of both parties, he, nevertheless, could not recover against State Farm.

Plaintiff contends that defendant State Farm was negligent and liable to him because of the dual agent's negligence. This contention is based upon the theory that State Farm hired an untrained, inexperienced and incapable agent to deal with the public in its behalf. In taking this position, plaintiff ignores the fact that he also selected and employed this same agent to act in his behalf. Thus, the negligence of State Farm, if proven, is identical to the negligence of the plaintiff.

It is generally recognized that where an agent represents two adverse parties in a transaction with the knowledge and consent of both, neither principal is liable to the other for the tortious acts of the agent so situated where the opposite principal is not in complicity with the agent or in no way participates in the tortious act. Another way of stating this same principle is that the misconduct of a dual agent by consent cannot be imputed to either of the principals who is not actually at fault, since each of the principals is under an equal duty to exercise ordinary care in selecting and supervising the agent to protect his own interests. We have not found any cases where the courts of this state have passed upon this precise question, but we find the rule to be sound, and in keeping with well reasoned authority elsewhere.

The principle is recognized by Mechem in his treatise on Agency wherein he states that, "[W]here two or more principals employ the same agent, whether as a means of dealing with one another or to protect their common interests, one cannot charge the other not actually at fault with the misconduct of the common agent. The latter owes no more duty to one than to the other; each of the principals is under an equal duty to supervise the agent and to protect his own interest, and there is no reason why the misconduct of the agent should be imputed to one principal rather than to the other." Mechem, The Law of

Agency, § 2140, p. 1717 (2d Ed. 1914). See 3 CJS 294, Agency, § 430 (1973), wherein it is stated that "One is not civilly liable to another for the tortious acts of an agent who acts for both parties unless he in some manner participates in the wrong."

Illustrative of cases which have applied this general principle is Whittlesey v. Spence, 439 SW2d 195 (Mo. App.) (1969). There the court found that the agent was a dual agent who represented both plaintiff and defendant. As such, each of the principals was under an equal duty to supervise the agent and to protect his own interest, and the misconduct of the agent would not be imputed to one principal rather than the other.

In a similar case, Ringer v. Wilkin, 32 Idaho 330, 336 (183 P 986) (1919), the court, after finding that the agent was a dual agent, said, "Where an agent is acting for two parties with adverse interests with respect to the same transaction, with knowledge and consent of both, each is charged with notice of that of which the agent becomes cognizant during the progress of the negotiations. As a general rule, it is true, also, that neither principal is responsible for the tortious acts of an agent so situated; but this rule is applicable only in the absence of collusion or direct participation of one of the principals in the tortious act of the agent."

The rule is sound, is based on reason and logic, and will be applied in this case.[1] Here plaintiff does not contend that the defendant State Farm participated in the actual tort complained of but contends only that State Farm is liable to him because it selected an untrained and incompetent agent.

---

[1] For other cases which have considered the question see: Jessen v. O'Daniel, 210 FSupp. 317 (D. C. Mont. 1962), affirmed 329 F2d 60 (9th Cir. 1964); Martin v. Kansas City Southern R. Co., 197 FSupp. 188 (D.C. La. 1961); Bunn v. Bunn, 137 Kan. 933 (22 P2d 455) (1933); Thompson v. First National Bank, 225 Ky. 399 (9 SW2d 123) (1928); Boss v. Tomaras, 251 Mich. 469 (232 NW 229) (1930); Murphy v. Keating, 204 Minn. 269 (283 NW 389) (1939); Fuchs v. Leahy, 321 Mo. 47 (9 SW2d 897) (1928); T. J. Moss Tie Co. v. Stamp, 25 SW2d 138 (Mo. App.) (1930);

2. Insofar as plaintiff's right to recover against defendant Hodges for breach of his fiduciary duties in not obtaining sufficient coverage, plaintiff by deposition, testified in substance as follows: He furnished his previously held policy on his filling station to defendant Hodges for the purpose of determining whether or not Hodges could save him some money on his premium by changing to State Farm. Plaintiff signed a written application for insurance which was prepared by Hodges but claimed that he did not review it before signing it. He admitted that he had furnished the information on the application to Hodges and admitted having seen the application "because he signed it." He also admitted that he had actually received the policy which Hodges procured for him, and that he received the same coverage under the policy as was indicated on the written application which he signed. He said he understood the coverage he was to be afforded under the policy. He testified the coverages afforded by the policy were the same as those requested on the application. He satisfied himself as to that, and as to premium.

The record shows that the application, as did the policy, stated in exact amounts the coverage limits.

"Where one employs an agent who is already in the service of another principal, with full knowledge of his first employment, and concurrently therewith, the second contract must be construed in the light of the duties imposed by the first, and the agent will not be liable to the second employer for a failure of duty if caused solely by the obligations imposed by the first employment." *Southern Express Co. v. Frink*, 67 Ga. 201 (3) (1881).

Plaintiff's complaint alleges that the defendant agent did not obtain for him sufficient insurance

---

Rodgers v. Ward, 169 Misc. 559 (8 NYS2d 167) (1938), affirmed 11 NYS2d 240 (1939); United Assn. of Journeymen and Apprentices of Plumbing and Pipefitting Industry of U. S. and Canada v. Borden, 160 Tex. 203 (328 SW2d 739) (1959); Rich v. McMullan, 506 SW2d 745 (Tex. Civ. App. 1974). See also *Pearlman v. United Insurance Co. of America*, 142 Ga. App. 48 (234 SE2d 845) (1977).

coverage. Or to state his claim in another fashion, defendant agent did not procure for him the full amount of coverage he needed. In this instance the agent had a first and primary duty imposed by his initial contract not to over-insure nor to write applications for policies unless in keeping with the amount of the premiums charged. This the defendant Hodges did in following the written application received from and approved by plaintiff. Such conduct is not negligence as reasonable minds cannot differ in these circumstances. The trial judge did not err in granting summary judgment to defendant Hodges.

*Judgment reversed. All the Justices concur, except Jordan and Hall, JJ., who concur in the judgment only.*

ARGUED NOVEMBER 14, 1977 — DECIDED FEBRUARY 7, 1978.

*Miller, Beckmann & Simpson, Luhr G. C. Beckmann, William H. Pinson, Jr.,* for appellants.
*Robert Paul Phillips, III,* for appellee.