## 62470. ETHRIDGE v. ASSOCIATED MUTUALS, INC.

BIRDSONG, Judge.

Insurance — Liability of Agent for Failure to Obtain Appropriate Coverage. Phillip E. Ethridge purchased a motorboat, motor, trailer and "cover" in 1979. He contacted Sway, an agent of appellee Associated Mutuals, Inc., an insurance broker. Though denied by appellee, Ethridge argues he requested Sway to obtain "full coverage" insurance in the amount of $7,600 to cover the boat and its accessories. It appears to be admitted that when Ethridge was asked where the boat would be operated, he answered on Lakes Lanier and Hartwell. Associated Mutuals obtained a policy issued by Northfield Insurance Co. in the amount specified covering the use of the boat on inland lakes and rivers. A copy of a policy together with a premium due notice was forwarded to Ethridge. Ethridge wrote a check for the full premium and placed the policy in a drawer without reading it. Subsequently, Ethridge loaned his boat and motor to a relative for fishing purposes in South Carolina. While in a bay opening into the ocean, the boat capsized and sank. Ethridge filed a claim under the policy which was denied by Northfield on the ground that the policy did not provide salt water coverage. Ethridge admits that the policy did not cover the loss. Ethridge brought suit against Associated Mutuals alleging that its agent Sway, while acting on Ethridge's behalf to procure proper coverage, fraudulently misled Ethridge by not informing him that the policy procured did not cover salt water use. Associated Mutuals moved for summary judgment asserting that Ethridge admitted all material facts (i.e., coverage, amount of coverage, and receipt of policy) and was guilty of breach of his duty to read the policy. Ethridge likewise moved for summary judgment contending that Associated Mutuals' motion wrongly was based on an ex contractu action whereas his (Ethridge's) motion

correctly was based ex delicto. Ethridge maintains that by giving Sway full responsibility for determining and obtaining adequate coverage, he (Ethridge) was relieved of the necessity of any detailed examination of the policy sent to him. The trial court granted summary judgment to Associated Mutuals and Ethridge brings this appeal enumerating as error the grant of summary judgment to appellee. *Held:*

The briefs of the respective parties would appear to be speaking of two separate cases. Associated Mutuals insists that this case is one ex contractu, and that by failing to read his policy, Ethridge is precluded from claiming he was misled by appellee. Ethridge on the other hand totally rejects any contention that the case is ex contractu but maintains it is one ex delicto, and that appellee can find no solace in the defense of Ethridge's failure to read the policy and see its inadequacy. Our examination of the case discloses that the decision as to the nature of the action will be dispositive of the legal appropriateness of the order of the trial court.

Appellant Ethridge relies heavily on two cases to justify his argument that the case is ex delicto. In *Wright Body Works v. Columbus Interstate Ins. Agency,* 233 Ga. 268 (210 SE2d 801), the Supreme Court recognized that under appropriate circumstances the broker or agent who held himself out as an expert in the field of insurance and who performed such expert services on behalf of an insured could be liable ex delicto for his negligence in failing to perform those services adequately. In that case the insured Wright submitted an audit of its business operations to the insurer. Wright relied on Columbus Interstate to analyze the audit and determine the amount of insurance necessary to give Wright adequate coverage required by a contractual obligation entered into by Wright to maintain insurance coverage for 70% of its business operations. It appeared that Wright had not the expertise to be in a position to determine insurance coverage and relied upon the insurance agency to perform those expert duties and choose the necessary amount of coverage. In such circumstances, it is not necessary and perhaps futile for the insured to examine its policy. The Supreme Court recognized that where the insurance agency held itself out as possessing a unique service and had negligently performed those duties that Wright had a cause of action ex delicto against the agency. This case was further examined and explained in the case of *Mayes v. Hodges,* 142 Ga. App. 538 (236 SE2d 494). The facts of the *Mayes* case do not disclose exactly the type of insurance coverage desired by Hodges and procured by Mayes. That case does hold however that whether the agent is a broker acting for the insured or a dependent agency acting for the insurer is not material. So long as the insured is required to

rely upon the agent to exercise the agent's expertise, the rule announced in *Wright,* supra, will apply. It may be permissible to infer that because the type of insurance in *Mayes,* supra, involved fire insurance that the agent was required to appraise real estate and obtain insurance adequate to cover the premises. Because the owner may not have had the expertise to appraise and ascertain the correct amount of insurance, it was appropriate that the insured have the right to rely upon that expertise, and thus be relieved of the duty to make a detailed analysis of the insurance coverage obtained in his behalf.

This is far from the situation we find in this case. Here Ethridge had informed Sway the exact amount of insurance desired, i. e., $7,600. He had told Sway the purpose of the insurance and limited its application to inland waters and rivers. It is only by his contention that he asked Sway to obtain "full coverage" that he seeks to convert what is actually a request to obtain specific insurance into an indefinite amount of insurance to be determined out of the expertise of the broker. We are in agreement with the trial court that this case did not involve any discretion in the type or amount of insurance. The facts of this case establish a contractual relationship rather than the negligent performance of a fiducial duty. We agree that the case of *Barnes v. Mangham,* 153 Ga. App. 540 (265 SE2d 867) is dispositive of this case. There this court was confronted with a factual situation similar to this case. The insured failed to read the policy after allegedly requesting "full coverage" from her agent and was told by the agent that she would receive "full coverage." In that case this court held: " '. . . [T]he evidence demands a finding that the plaintiff failed to comply with [his] legal duty to examine [his] contract, observe what coverage it provided . . . and, if the coverage was not correct, either reject the policy as written when tendered, or renegotiate [his] contract with the insurer'. . . . 'The insured was not only free to examine the contract [he] was under a duty to do so; and if [he] had done that [he] would have observed just what coverage it provided. . . . If it was not what [he] wished to have [he] could have renegotiated [the] contract, or, if the company was unwilling to do that, [he] could have returned it as unacceptable and negotiated a contract with another company.' " *Barnes,* supra.

To hold otherwise would allow a damaged insured to make a "fully covered" allegation against an insurance agency each time an insurance policy did not cover a particular type of loss. To protect against such claims, perforce this would place upon an agency the duty of intuitive foresight and an explanation of every term, condition, limitation, exclusion or restriction in coverage to an insured so that the policy might provide "full coverage" under any

and all circumstances. We will not place such an impossible burden upon an insurance agency but (at least in cases based on contract) we will leave the burden upon the insured to examine his policy and determine if the coverage desired is provided. Ethridge was under a legal duty to read the policy issued to him. He failed to comply with that duty. For the reasons stated, Associated Mutuals was entitled to the grant of summary judgment in its favor.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 25, 1981 —
REHEARING DENIED DECEMBER 9, 1981.

*Alan M. Alexander, Jr.,* for appellant.
*Steve J. Davis, Glenn A. Delk,* for appellee.