## 39207. HOME MATERIALS, INC. et al. v. AUTO OWNERS INSURANCE COMPANY et al.

CLARKE, Justice.

This appeal attacks the constitutionality of OCGA § 33-24-45 (e) (Code Ann. § 56-2430.1) and raises a question of whether a dual agent's representation to one of its principals binds the other.

The statute in question imposes a lesser duty on an insurer dealing with an entity other than a natural person. Although Home Materials contends that this is a denial of equal protection, the trial court found the statute constitutional. We agree.

The case was tried before the court without a jury on stipulated facts. Included in the stipulation were the facts that McAllister was the dual agent of both insured and insurer, and that he represented to the insured that its insurance was renewed. The trial court held that this representation did not bind the insurer. We disagree.

Home Materials, Inc. has insured a fleet of vehicles with Auto Owners Insurance Company under a commercial fleet insurance policy since April 27, 1977. The policy was recommended and procured by McAllister as agent for both Home Materials and Auto Owners. McAllister has acted as agent of Auto Owners since 1976 pursuant to a written agency contract.

The last policy of Home Materials with Auto Owners was to expire of its own terms in April, 1980. In January, 1980, Auto Owners sent a questionnaire to McAllister which was to be forwarded to and completed by Home Materials. Several memos were sent to McAllister as a follow-up. On February 19, 1980, Auto Owners informed McAllister that because of lack of information Home Materials' policy would not be renewed.

McAllister contends that it obtained the completed questionnaire from Home Materials and forwarded it to Auto Owners sometime between February 15 and February 21, 1980. McAllister

has no evidence of the mailing, and Auto Owners never received the questionnaire. McAllister never informed Home Materials that the policy would not be renewed and never billed Home Materials for any coverage after April 27, 1980.

In July, 1980, the president of Home Materials was involved in an accident in a vehicle owned by Home Materials. Two passengers in the vehicle died as a result of the accident. The driver and another passenger were injured. Following the accident, McAllister tendered to Auto Owners the premium for the insurance which had expired in April. Auto Owners denied coverage. In addition to the other stipulated facts were the salient facts that at all times McAllister represented to Home Materials that it had coverage under the policy and that McAllister was a dual agent of both Home Materials and Auto Owners.[1]

1. The first question deals with the constitutionality of OCGA § 33-24-45 (e) (Code Ann. § 56-2430.1). Home Materials alleges that the code section denies equal protection to insureds other than natural persons. The statute provides that no insurers shall fail to renew a policy unless it sends a written notice of non-renewal to the insured. However, the statute defines "policy" as a policy insuring a natural person or persons. OCGA § 33-24-45 (b) (2) (Code Ann. § 56-2430.1). Home Materials contends that this constitutes a denial of equal protection to corporations. "Under the equal protection guarantee of our State Constitution (Code Ann. § 2-203), classification in legislation is permitted when the classification is based on rational distinctions, and the basis of the classification bears a direct and real relation to the object or purpose of the legislation." *Cannon v. Ga. Farm Bureau Mutual Ins. Co.*, 240 Ga. 479, 482 (241 SE2d 238) (1978). See also *State Farm Mutual Auto. Ins. Co. v. Five Transp. Co.*, 246 Ga. 447 (271 SE2d 844) (1980); *C & S Nat. Bank v. Mann*, 234 Ga. 884 (218 SE2d 593) (1975). There is a rational distinction between the notice requirement as to individual and corporate insureds. An assumption may be made that a corporate insured is more sophisticated in its various business activities than is an individual insured. The mere fact that the technical requirements of incorporation have been followed is evidence of this. Thus the justification for imposing the additional burden of a written notice of

---

[1] The case was submitted to the trial court on facts stipulated by the parties. Based upon the stipulation the trial court made findings of fact which included the following: "McAllister Insurance Agency, Inc. has represented to Home Materials, Inc. at all times relevant that it had coverage under Auto Owners Insurance Company policy No. 770418 03138205."

intention not to renew upon the insurer may not be present when the insured is a corporation rather than an individual. Disparate treatment of individual and corporate insureds is not a violation of equal protection in that it bears a real relation to the object of the legislation, which is to protect unsophisticated and more likely unwary insureds by assuring that insurance remains in effect.

Georgia law has long recognized the rationality of distinguishing between natural persons and corporations in restricting business activity. Cf. OCGA § 7-4-6 (Code Ann. § 57-118).

2. We turn now to the question of the binding nature of McAllister's representations. The stipulated facts reveal that McAllister was a dual agent and that the representations were made to one principal without the express authority or knowledge of the other. The principal to whom the representations were made relied upon them to its detriment.

Before examining the effect of the duality of the agency, we look first to the extent to which an agent may generally bind its principal. By statute, a principal is bound by all acts of its agent within the scope of his authority. OCGA § 10-6-51 (Code Ann. § 4-302). The principal is also bound when the agent lacks express authority but is possessed of apparent authority. " 'The authority of an agent in a particular instance . . . may be established by the principal's conduct and course of dealing, and if one holds out another as his agent, and by his course of dealing indicates that the agent has certain authority, and thus induces another to deal with his agent as such, he is estopped to deny that the agent has any authority which, as reasonably deducible from the conduct of the parties, the agent apparently has.' " *Equitable Credit Corp. v. Johnson,* 86 Ga. App. 844, 847 (72 SE2d 816) (1952). An estoppel is worked against the principal to deny authority if it appears that the third party dealt with the agent in reliance upon the authority apparently conferred upon it by the principal. *Interstate Fin. Corp. v. Appel,* 134 Ga. App. 407 (215 SE2d 19) (1975). Under some authorities an agent's representation to a third party would be binding upon the principal even if in making the representations the agent were guilty of negligence or misconduct. See T. Mechem, Outlines of the Law of Agency, §§ 105-111 (4th Ed., 1952). The rationale under these circumstances is that although the agent has neither the real nor apparent authority to act negligently or dishonestly, the principal may still be liable to a third party based on the fact that the agent has a power arising from the agency relationship which depends upon neither real nor apparent authority. Restatement 2d of Agency, § 140.

Without question, under the rules discussed above McAllister's representations would bind Auto Owners if McAllister were only the

agent of Auto Owners. Apparent authority exists and detrimental reliance occurred. Therefore, the only remaining question is to what degree the liability of Auto Owners is diminished by reason of the duality of the agency.

Dual agency is not considered void per se as against public policy in Georgia. *Spratlin, Harrington & Thomas, Inc. v. Hawn,* 116 Ga. App. 175 (156 SE2d 402) (1967). Dual agency is proper where the agency is known to the principals and the principals do not repudiate it. Further, dual agency does not in and of itself relieve the agent of responsibility to either of the principals. *Wright Body Works v. Columbus Interstate Ins. Agency,* 233 Ga. 268 (210 SE2d 801) (1974).

Auto Owners insists that no coverage exists and relies upon *Hodges v. Mayes,* 240 Ga. 643 (242 SE2d 160) (1978); *Robinson v. Franwylie, Inc.,* 145 Ga. App. 507 (244 SE2d 73) (1978); *Spratlin, Harrington & Thomas, Inc. v. Hawn,* supra. In *Hodges v. Mayes,* supra, an injured insured attempted to bind State Farm for the failure of its exclusive agent to procure adequate insurance coverage for the insured. The gravamen of the suit was that State Farm was liable to the plaintiff because State Farm negligently selected as its agent an individual alleged to be untrained and incapable of dealing with the public in insurance matters. The court in *Hodges* found that the agent was the dual agent of State Farm and the insured and that because of this relationship the insured could not bind State Farm. "It is generally recognized that where an agent represents two adverse parties in a transaction with the knowledge and consent of both, neither principal is liable to the other for the tortious acts of the agent so situated where the opposite principal is not in complicity with the agent or in no way participates in the tortious act. Another way of stating this same principle is that the misconduct of a dual agent by consent cannot be imputed to either of the principals who is not actually at fault, since each of the principals is under an equal duty to exercise ordinary care in selecting and supervising the agent to protect his own interest." *Hodges v. Mayes,* supra at 644.

We conclude that the facts in this case differ from those in *Hodges* and that the case is distinguishable. In *Hodges* the action for damages was based on an allegation of negligent hiring of an incompetent agent by State Farm. Similarly, in the numerous authorities from other jurisdictions cited by the court in *Hodges,* the action was for damages by one principal of a dual agent against another principal. None of these cases deals with the precise question here. It is well settled by statutory and case law in Georgia that "[t]he principal shall be bound by all representations made by his agent in the business of this agency and also by his willful concealment of material facts, although they are unknown to the principal and

known only by the agent." OCGA § 10-6-56 (Code Ann. § 4-307). The question is whether the rule set out in OCGA § 10-6-56 (Code Ann. § 4-307) is negated by the equally well established rule that neither principal is civilly liable to the other for the tortious acts of the dual agent of both unless there is collusion or participation in that conduct by the principal. We find that although the principal may be relieved of liability in tort, equity will not allow him to be relieved of responsibility for misrepresentations of the dual agent upon which the other principal relied to his detriment when the action is in contract.

Here there is no allegation or evidence of a negligent selection of the agent by Auto Owners. The issue here is simply whether an insurer may clothe an agent with apparent authority to enter into an insurance contract and then escape the usual effects of estoppel because the agent is also the agent of the insured party.

We hold that Auto Owners may not escape Home Materials' valid claim that it be estopped to deny coverage.

*Judgment reversed. All the Justices concur, except Marshall, P. J., who dissents, and Weltner, J., not participating.*

DECIDED FEBRUARY 10, 1983 —
REHEARING DENIED FEBRUARY 22, 1983.

*McLane, Dover, Sherwood & Shelton, J. Carol Sherwood, Jr.,* for appellants.

*William U. Norwood III, O. Wayne Ellerbee,* for appellees.