## 66409. HOWARD v. MOORE GROUP, INC.

SOGNIER, Judge.

Appellant Frank Howard, Jr. sought automobile insurance through Claire Meyers, an agent and officer of H-M Insurance Agency, Inc. (H-M Agency). The H-M Agency is an independent insurance agency with authority to solicit applications for various insurance companies, including appellee, the Moore Group, Inc. On August 24, 1981, Meyers took an application from Howard and received $180 from him, leaving a balance of $27 due on the premium. Meyers held the application for several days before mailing it to the insurer, the Moore Group on September 4, 1981. The Moore Group issued an insurance policy to Howard effective September 5, 1981.

The H-M Agency had authority to bind the Moore Group under the following terms: coverage was effective on the date an application submitted to Moore by H-M was signed, provided it was postmarked and mailed within five days. For applications postmarked more than five days after the date of application, as in the instant case, coverage became effective on the date following the postmark date.

On September 4, 1981, Howard was involved in an automobile collision in which he suffered injuries.

Howard sued Meyers, the H-M Agency, and the Moore Group alleging negligence in procuring automobile insurance for him and fraud. Howard alleged that the Moore Group was liable for the

negligence and fraud of Meyers and the H-M Agency. The Moore Group filed a motion to dismiss which was apparently converted to a motion for summary judgment. See *Norton Realty &c. Co. v. City of Gainesville,* 224 Ga. 166, 170 (2) (160 SE2d 819) (1968); OCGA § 9-11-12 (c) (Code Ann. § 81A-112). The trial court granted the Moore Group's motion and Howard appeals.

1. Appellant contends that issues of fact remain as to his knowledge and consent to the dual agency of Meyers and the H-M Agency. The trial court's order in favor of appellee was based upon the general rule set forth in *Hodges v. Mayes,* 240 Ga. 643, 644 (242 SE2d 160) (1978), as follows: "[W]here an agent represents two adverse parties in a transaction with the knowledge and consent of both, neither principal is liable to the other for the tortious acts of the agent so situated where the opposite principal is not in complicity with the agent or in no way participates in the tortious act." Appellant contends that he did not know that Meyers and the H-M Agency were agents of appellee and that he did not consent to the agency relationship. This argument is not supported in the record. In appellant's pleadings, he alleged: "CLAIRE MEYERS, the agent for HAMMOND-MEYERS [H-M] INSURANCE AGENCY, INC. and MOORE GROUP, INC., had been an agent for plaintiff in procuring automobile insurance since 1980." Further, in appellant's affidavit he referred to Meyers as an agent for the H-M Agency and the Moore Group. Hence, no issue of fact remained as to appellant's knowledge of and consent to the dual agency. Therefore, any tortious misconduct of the dual agent, Meyers and the H-M Agency, cannot be imputed to appellee unless appellee is at fault by complicity or participation. *Hodges,* supra at 644.

2. While appellant contends that an issue of fact remains as to appellee's participation and complicity in the alleged torts of Meyers and the H-M Agency, the issue was not raised by the pleadings or the evidence. It is the duty of each party on motion for summary judgment to present his case in full. *Hutchins v. Miller,* 138 Ga. App. 133, 134 (225 SE2d 722) (1976). Appellant's contention is without merit.

3. While the trial court was correct in granting summary judgment in favor of appellee as to negligence issues, appellant's complaint included a count in contract in which appellant sought to enforce insurance coverage under the purported binder issued by Meyers. Appellant also sought to recover bad faith penalties against appellee for its refusal to pay his claim.

Distinguishing *Hodges,* supra, our Supreme Court has held that "although the principal may be relieved of liability in tort, equity will not allow him to be relieved of responsibility for misrepresentations

of the dual agent upon which the other principal relied to his detriment *when the action is in contract.*" (Emphasis supplied.) *Home Materials v. Auto Owners Ins. Co.,* 250 Ga. 599, 603 (300 SE2d 139) (1983). Appellant testified by affidavit that at the time he gave Meyers $180, she gave him an oral binder stating he was fully covered as of the application date, and also gave him an insurance card. Meyers denies such representations were made. This was sufficient to raise a question of fact as to whether Meyers' representations to appellant bound appellee as principal. See *Home Materials,* supra at 601 (2). Thus, a genuine issue of material fact remains as to appellee's liability under the insurance contract and the trial court erred by granting summary judgment in favor of appellee as to appellant's contract claim.

*Judgment affirmed in part; reversed in part. Quillian, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 9, 1983.

*Evita A. Paschall,* for appellant.
*Gary A. Glover,* for appellee.