67850. DAVIS v. HARRIS et al.

POPE, Judge.

Appellant Davis filed this action in 1982 against Donald H. Harris and The Hanover Insurance Company seeking additional PIP benefits pursuant to *Jones v. State Farm Mut. Auto. Ins. Co.*, 156 Ga. App. 230 (274 SE2d 623) (1980), under an automobile insurance policy issued by Hanover, as well as punitive damages, attorney fees and the penalty provided by OCGA § 33-34-6. However, within 30 days from the rendering of the decision in *Flewellen v. Atlanta Cas. Co.*, 250 Ga. 709 (300 SE2d 673) (1983), Hanover modified the subject insurance policy in conformity with the *Flewellen* decision and paid to appellant the accrued PIP benefits to which she was thereby entitled; Hanover has continued to make periodic benefit payments as appropriate. A default judgment has been entered against Harris. This appeal arises from the trial court's grant of summary judgment in favor of Hanover on the issues of punitive damages, attorney fees and penalty.

1. The issue raised by appellant's first enumeration of error is, under the facts in this case, controlled adversely to her by *Government Employees Ins. Co. v. Mooney*, 250 Ga. 760 (3) (300 SE2d 799) (1983). Accord *Southern Guaranty Ins. Co. v. Rowland*, 169 Ga. App. 554, 556 (313 SE2d 753) (1984).

2. Appellant's remaining enumeration of error asserts that genu-

ine issues of material fact remain with regard to her claim for punitive damages pursuant to OCGA § 51-12-5. In support of this claim appellant contends that her decedent's signature on the optional benefits form was forged by Harris in his capacity as agent for Hanover. This claim, it is clear, sounds in tort. See OCGA § 51-6-2; *Bankers' Health &c. Ins. Co. v. Givens*, 43 Ga. App. 43 (1) (157 SE 906) (1931). See generally Eliason v. Wilborn, 335 Ill. 352, 357-8 (167 NE 101, 68 ALR 350) (1929), aff'd 281 U. S. 457 (1930).

The evidence of record, construed most strongly in favor of appellant, shows that at the time of the alleged forgery Harris was acting as a "dual" agent, i.e., as agent for both appellant's decedent and Hanover. Harris' secretary's testimony that Hanover was the only "standard" company for which Harris brokered automobile insurance policies does not contradict Harris' testimony that he was an independent agent representing five or six different companies which wrote automobile insurance. See generally *Nat. Property Owners Ins. Co. v. Wells*, 166 Ga. App. 281 (2) (304 SE2d 458) (1983), and cits. "It is generally recognized that where an agent represents two adverse parties in a transaction with the knowledge and consent of both, neither principal is liable to the other for the tortious acts of the agent so situated where the opposite principal is not in complicity with the agent or in no way participates in the tortious act. Another way of stating this same principle is that the misconduct of a dual agent by consent cannot be imputed to either of the principals who is not actually at fault, since each of the principals is under an equal duty to exercise ordinary care in selecting and supervising the agent to protect his own interests." *Hodges v. Mayes*, 240 Ga. 643, 644 (242 SE2d 160) (1978). Since there is no evidence of record that Hanover in any way participated in the alleged forgery, the trial court did not err in granting Hanover's motion for summary judgment as to this claim. Compare *Home Materials, Inc. v. Auto Owners Ins. Co.*, 250 Ga. 599 (300 SE2d 139) (1983), wherein the Supreme Court held that equity will not allow a principal to be relieved of responsibility for misrepresentations of a dual agent upon which the other principal relied to his detriment *when the action is in contract.*

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED JUNE 18, 1984 —
REHEARING DENIED JULY 3, 1984 —

*C. Deen Strickland*, for appellant.
*Daniell S. Landers*, for appellees.