69118. ATHA v. MID-SOUTH INSURANCE COMPANY.
(326 SE2d 853)

SOGNIER, Judge.

William M. Atha brought this action on an insurance policy against Mid-South Insurance Company (Mid-South). Atha moved for partial summary judgment asserting that he was covered by the policy. The trial court denied Atha's motion and granted Mid-South's motion for summary judgment on the grounds that Mid-South was not liable under the policy because of Atha's misrepresentations in the application and, alternatively, because the policy had lapsed for nonpayment of premiums. Atha appeals.

In January 1981 appellant applied for health insurance coverage through his association, Independent Baptist Travelers Association ("IBTA"). The policy issued by appellee provided for group coverage in favor of IBTA, which was listed as "employer," to cover appellant who was listed as "employee." Although the application signed by ap-

pellant stated that appellant was an employee of IBTA, it is undisputed that he was not. After discovering that appellant was not an IBTA employee, appellee rescinded his policy and refunded the premiums it had received on his behalf.

1. Appellant contends the trial court erred by granting summary judgment to appellee because questions of fact remain for the jury whether or not the statements appellant made in his application for insurance were fraudulent and material. We disagree.

OCGA § 33-24-7 provides, in part: "(b) Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless: (1) Fraudulent; . . . (3) The insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise." Appellant argues that his statements in the application were not fraudulent because he did not intend to deceive appellee. However, "where it is shown that a material statement in an application is false which was known to the insured at the time he made it and it was made with a view toward obtaining the insurance, with the company having no knowledge of its falsity, where the company acted upon it to its injury, the law will conclusively presume an intent to deceive, and a case of actual fraud will be made out." *State Farm &c. Ins. Co. v. Anderson*, 107 Ga. App. 348, 354 (3) (130 SE2d 144) (1963).

Appellant's application for the subject policy lists his name and IBTA's name in the spaces marked, respectively, "employee" and "employer." Immediately above appellant's signature on the application are the words "I further certify I am regularly employed by the above named employer at least 30 hours per week." It is undisputed that appellant read the foregoing language and signed his name immediately below it in a space marked "SIGNATURE OF EMPLOYEE." The policy by its express terms was limited to employees of an employer-member and provided that coverage shall "automatically terminate immediately . . . on the day immediately preceding the next premium due date if the employee terminates employment with the member . . . ." The record shows that at the time the policy was issued the company had no knowledge that appellant was not an employee of IBTA. Under these uncontroverted facts, the trial court correctly held that appellee was not liable to appellant under the policy because of appellant's fraudulent misrepresentation in the application and because the policy would not have been issued had appellee known that appellant was not an IBTA employee. OCGA § 33-24-7 (b) (1) and (3).

2. Appellant further contends that appellee is estopped from rescinding the policy on the basis of appellant's misrepresentation of his employment status since Don Rochester, the agent through whom appellant's application for insurance was submitted, was aware that appellant was not an IBTA employee. Appellant argues that circumstantial evidence, apparent relations, and conduct of the parties create a jury question as to whether an agency relationship existed between Rochester and appellee. Although it is undisputed that Rochester was aware that appellant was not an IBTA employee, both appellee and Rochester deny the existence of an agency relationship between them during the relevant time periods. The only evidence in the record of agency consists of appellant's bare assertions that an agency relationship existed plus the language printed on the insurance application form stating ". . . issued by Mid-South Insurance Co. . . . ." This court has held that "where the principal and the agent denied the existence of the agency relationship, the denial must be received as evidence of a fact which could not be overcome by bare assertions by a third party not supported by facts. [Cit.] There, as here, the only evidence of agency was circumstantial. The bare assertion of agency by [appellant] is a mere conclusion which does not create a jury question." *Stewart v. Ga. Mut. Ins. Co.*, 159 Ga. App. 91, 93 (1) (282 SE2d 728) (1981). Thus, the trial court did not err by granting appellee's motion for summary judgment and denying appellant's motion for partial summary judgment.

3. Because our holdings in Divisions 1 and 2 are decisive of this appeal, we need not consider appellant's remaining enumerations of error.

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 18, 1985.

*Dennis B. Dixon, Jr., John B. Degonia, Jr.*, for appellant.
*James B. Alexander*, for appellee.