72117. BUFFINGTON v. LEADER NATIONAL INSURANCE
COMPANY.
(345 SE2d 684)

SOGNIER, Judge.

Frank Buffington sought insurance coverage for his Toyota truck from Paul Long and Patricia Long, d/b/a A & C Insurance. A & C Insurance is an independent insurance agency which solicits applications for various insurance companies, including Leader National Insurance Company (Leader National). On January 19, 1983 Paul Long took an application from Buffington and accepted a $15 down payment on the $263 premium. Buffington returned on January 27th and paid $20 on the premium. The binder was never forwarded to Leader National and subsequently when Buffington was involved in an accident on February 2, 1983 which totalled his truck, he was informed when he tendered the balance of the premium to Long on February 4th that he did not have coverage. Buffington brought suit against the Longs and Leader National seeking to enforce the insurance coverage under the purported binder issued by Long. The trial court granted Leader National's motion for summary judgment and Buffington appeals.

The record in this case, in addition to the pleadings and answers to interrogatories, consists of appellant's deposition and two depositions taken of Paul Long, one in November 1983 and the other in April 1985. We note initially that appellant in his notice of appeal requested that the entire record in the court below be transmitted to this court; thus, we find no merit in appellee's arguments concerning our consideration of these three depositions which were erroneously delayed in the transfer of the record. See OCGA § 5-6-43; *Long v. City of Midway*, 251 Ga. 364 (306 SE2d 639) (1983).

Appellant testified in his deposition that Long told him at the January 19th meeting that appellant was fully covered and the written binder appellant signed at this meeting shows the policy period as beginning that day. Appellant also stated that Long contacted appellant's bank and informed the loan personnel there that appellant had obtained full coverage so that appellant's loan application to purchase the truck was processed. Long testified in his first deposition that the A & C Agency had handled hundreds of appellee's policies in the past year and that "many, many times" appellee had accepted late applications and issued policies on the effective date on applications taken by the agency. Long also stated that although he did not have authority to issue appellee's policies, he could issue binders and in

response to whether he could issue coverage, he replied, "Yea. We can call and get them [appellee] bound." Long testified that although the procedure with appellee was to call and obtain a binder number, Long had simply used the agency's binder number instead. Long further testified that appellant's application was never sent to appellee because appellant failed to pay the full premium within the ten-day effective period of the binder. Although it is uncontroverted that appellant told Long he would pay the full balance the week following the application date, the evidence conflicts as to what Long informed appellant about the binder. Construing the evidence in appellant's favor, appellant was not told that the binder expired in ten days and that full payment had to be made within that period but, instead, appellant understood that he was covered after he made the January 27th payment and that he could return the following week with the balance while remaining fully covered.

We find no merit in appellee's objection to our consideration of the November 1983 deposition, which is of record in the instant case and is both material and relevant to appellant's suit against appellee. Our review of Long's deposition of April 1985 reveals material conflicts with his November 1983 deposition testimony on both his authority to bind appellee and the prior transactions in which appellee allegedly ratified the agency's actions inconsistent with appellee's stated procedures. The conflict in Long's testimonies and the absence in the record of any affidavit from appellee denying the existence of an agency relationship distinguish this case from our holding in *Atha v. Mid-South Ins. Co.*, 173 Ga. App. 489, 491 (2) (326 SE2d 853) (1985). The discrepancy in Long's testimonies thus raises questions of fact as to whether Long made representations to appellant which bound appellee as principal. See *Howard v. Moore Group*, 168 Ga. App. 811, 812 (3) (310 SE2d 564) (1983). A genuine issue of material fact remains as to appellee's liability under the insurance contract and the trial court erred by granting summary judgment in favor of appellee as to appellant's contract claim. OCGA § 9-11-56; see generally *Jordan v. Atlanta Neighborhood Housing Svc.*, 171 Ga. App. 467, 468-469 (1) (320 SE2d 215) (1984).

*Judgment reversed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 22, 1986.

*William J. Sussman*, for appellant.
*Richard R. Mehrhof, Herbert E. Kernaghan, Jr.*, for appellee.