A89A2232. UNDERWRITERS ADJUSTING COMPANY et al.
v. KNIGHT.
A89A2233. MORRIS & TEMPLETON INSURANCE AGENCY,
INC. v. KNIGHT et al.
A89A2234. KNIGHT et al. v. MAYFLOWER INSURANCE
COMPANY, LTD.
(389 SE2d 24)

DEEN, Presiding Judge.

John and Claire Knight purchased homeowner's insurance from Mayflower Insurance Company, through the Morris & Templeton Insurance Agency, Inc., insuring the home that eventually was severely damaged by fire. The policy contained a $179,000 limit to this coverage, subject to a guaranteed building/structure replacement cost

amendment. The amendment provided that should the cost of repair or replacement exceed the policy limit, the insurer would pay the actual cost of repair or replacement and up to an additional 70 percent of that repair cost for loss of personal property.

Russell Gilbert, an adjuster with Underwriters Adjusting Company, handled the claim filed by the Knights following the fire. The original estimate for the repairs to the house was $75,118.37. The Knights actually spent a total of $140,875.13 for the repairs and some additional improvements to the house; the cost of the additional improvements was $40,620.32, which the Knights did not claim under the policy. The insurer ultimately paid the Knights the policy limit of $179,000, and denied the $168,310.04 remainder of their claim for loss of personal property.

The Knights commenced this action against the insurer, the insurance agency, the adjuster, and the adjusting company. The trial court's denial of the motion for summary judgment filed by the adjuster and the adjusting company provides the basis for Case No. A89A2232. The trial court's denial of summary judgment for the insurance agency is the subject of Case No. A89A2233. Case No. A89A2234 concerns the trial court's grant of summary judgment for the insurer. *Held*:

1. The policy of insurance in the instant case clearly provides for a limit of $179,000 coverage, which the Knights received. The replacement cost amendment was not applicable because the actual cost of repair did not exceed the policy limits. It was undisputed that the Knights never read the insurance policy, through no fault of any other party. Under these circumstances, the trial court properly granted summary judgment for the insurer. The Knights as insureds had the legal duty to examine the policy and observe what coverage was provided. *Life Ins. Co. of Va. v. Conley*, 181 Ga. App. 152 (351 SE2d 498) (1986).

2. Generally, an insured's claim asserted against an insurance agency for its alleged failure to obtain appropriate coverage is similarly defeated by the insured's failure to examine the policy. *Epps v. Nicholson*, 187 Ga. App. 246 (370 SE2d 13) (1988); *Ethridge v. Assoc. Mutuals*, 160 Ga. App. 687 (288 SE2d 58) (1981). An exception exists where the agent holds himself out as an expert in the field of insurance and who performs such expert services for the insured. *Wright Body Works v. Columbus Interstate Ins. Agency*, 233 Ga. 268 (210 SE2d 801) (1974).

That exceptional circumstance, however, did not exist in the instant case. The insurance agent viewed the Knights' house and contents, and indicated a value of $100,000 for the house, which was acceptable to the Knights. When the agent explained that usually personal property was insured at one-half the amount of the insured

value of the house, the Knights expressed concern that that figure might be too low, and coverage on the personal property was increased to $75,000. (The policy's limit was later increased by $4,000 to offset inflation.) The insurance agent did not provide any expert service in determining the coverage under the policy, and the trial court should have granted summary judgment for the insurance agency. *Ethridge v. Assoc. Mutuals*, supra.

3. The Knights claim that they discarded most of the damaged personal property in the house without attempt to salvage, in reliance upon the adjuster's representation that it would be replaced by the insurer. They contend that had the adjuster made it clear that their claim under the policy was limited to $179,000, they would have made more effort to salvage. The Knights acknowledge that they are unable to establish the salvage value of this personal property that was thrown away.

As discussed above, the responsibility for any misunderstanding or misinformation concerning the limits of coverage under the policy lies with the Knights in this case. Any reliance upon the adjuster's statement that the personal property would be replaced must be considered in light of the Knights' failure to inform themselves of the policy limits. The adjuster had no authority to settle a claim beyond the coverage of the policy, *Assurance Co. of America v. Bell*, 108 Ga. App. 766, 776 (134 SE2d 540) (1963), and the Knights' failure to determine the policy limits and govern themselves accordingly defeats their claim against Gilbert and Underwriters Adjusting Company, for negligent adjustment of their claim under the policy. The trial court should have granted summary judgment for the adjuster and the adjusting company.

*Judgment affirmed in Case No. A89A2234, reversed in Case No. A89A2232 and in Case No. A89A2233. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 30, 1989.

*Drew, Eckl & Farnham, H. Michael Bagley, Charles R. Beans*, for Underwriters.
*Beckmann & Lewis, Leo G. Beckmann, Jr.*, for Knight.
*Daniel C. Cohen, Wayne L. Durden*, for Morris & Templeton.