A90A0943. SOUTHERN GENERAL INSURANCE COMPANY v. SNIPES et al.
(396 SE2d 808)

BANKE, Presiding Judge.

Southern General Insurance Company brought this action against Derrick Snipes and Daniel McGill seeking a judicial declaration that it had no obligation to defend Snipes in a suit filed against him by McGill to recover for injuries sustained in an automobile accident. It brings this appeal from the denial of its motion for summary judgment.

Snipes signed an application for motor vehicle liability insurance at the offices of Brumbelow and Associates, an independent insurance agency in Blackshear, Georgia, on November 9, 1987. Michael Anderson, the sales agent with whom Snipes dealt, testified that after all of the paperwork had been completed, Snipes stated that he did not have the money with him to cover the required $135 down payment on the $269 policy premium but that he intended to go get it and bring it back forthwith. Anderson testified that he issued Snipes an "insurance identification card" on the basis of this representation, telling him it would be valid "long enough [for him] to go over there and get the money and come back." Southern General's name was typed on this card identifying it as the insurance carrier, and the words "application binder" were typed in the space designated for a policy number. The card specified that the "effective date" of the coverage was November 9, 1987, and the "expiration date" was May 9, 1988. The accident took place on March 26, 1988.

Snipes did not return after leaving with the card and had no further contact or communication with the agency until after the accident. Although he did not file an answer in the present action, he evidently has some recollection of having made a payment of $119 at the time he signed the application. However, he has no receipt or other documentation to substantiate this recollection. On November 21, 1987, the sales agent wrote him a letter, which he denies having received, advising him that his application had not been forwarded to the insurance company due to his failure to pay the premium. It is apparent without dispute from the record that no application for in-

surance was ever submitted to Southern General on Snipes' behalf and that no policy of insurance was ever issued to him. *Held*:

Under the circumstances, there is no basis upon which Snipes could reasonably have believed he was insured at the time of the accident. The issuance of the insurance card to him constituted, at most, an indication that he had obtained a temporary binder of coverage. Pursuant to OCGA § 33-24-33 (b), such a binder, unless extended or renewed, is not valid "beyond 90 days from its effective date. . . ." Thus, even assuming arguendo that Snipes was led to believe he had obtained a temporary binder of coverage, he must, under the circumstances of this case, be charged with knowledge that the coverage had expired by the time the accident occurred, some four-and-a-half months later. Compare *Home Materials v. Auto Owners Ins. Co.*, 250 Ga. 599 (300 SE2d 139) (1983) (where a policy was issued by the insurer, and the sales agent represented to the insured at all relevant times that this policy was still effective). Consequently, we hold that the trial court erred in denying Southern General's motion for summary judgment.

*Judgment reversed. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1990.

*Newton, Smith, Durden & Kaufold, Wilson R. Smith*, for appellant.

*Earl D. Smith, Jr.*, for appellees.